First National Bank of Wamego, Kan., v. J. T. Oliver et al.

Delivered May 29, 1897.

1. Negotiable Instruments—Purchaser for Value—Failure of Consideration

A purchaser of a note for value before maturity is entitled to recover thereon against the maker, notwithstanding a failure of consideration, unless he had actual or constructive notice thereof.

2. Secondary Evidence—Letter Not Accounted For.

Secondary evidence of the contents of a letter is inadmissible without accounting for its absence or giving notice to the opposite party to produce the same.

3. Pleading—Partnership Incidentally Alleged—Necessity for Denial.

In an action on a promissory note, where defendant, in order to charge plaintiff with notice of a failure of consideration, has set up a partnership between the plaintiff and the payee in the note, plaintiff is not required to deny such partnership under oath.

Appeal from Titus. Tried below before Hon. John L. Sheppard.

*S. P. Pounders,* for appellant

*Hiram Glass,* for appellees.

Rainey, Associate Justice.—This suit was brought by appellant bank against appellees to recover upon a promissory note for the sum of $500, executed by appellees, payable to E. Bennett & Son, or order, and indorsed before maturity to appellant for a valuable consideration.

Appellees answered that said note was given for a stallion bought for breeding purposes, and that he was warranted to be a sure foal-getter, and that he was not such, and therefore the consideration for said note had failed; that appellant and E. Bennett & Son were partners, and that appellant knew of the warranty given by E. Bennett & Son.

Appellant, by supplemental petition, denied the allegations of the answer, and alleged that said note was bought for a valuable consideration, before due, without notice of any defect therein.

The case was tried before the court without a jury, and resulted in a judgment for appellees, from which this appeal is taken.

Appellant having become the owner of the note for a valuable consideration, before maturity, in order for appellees to defeat appellant's right to recover thereon, it was necessary for appellees to show that appellant had notice of the failure of consideration for the execution of said note, or that appellant was a partner of E. Bennett & Son, and was thereby charged with notice of such failure.

In order to establish notice upon appellant, the court permitted appellees to prove, over objection of plaintiff, the contents of a letter written by W. J. Johnson to E. Bennett & Son, without producing the letter or accounting for its absence. The effect of the testimony in relation to the letter was that it notified E. Bennett & Son that the warranty that the horse was a sure foal-getter had failed.

No notice was given to appellant, or to E. Bennett & Son, to produce said letter upon the trial, or secondary evidence of its contents would be introduced. Its absence was not accounted for, and it was essential that such notice should have been given, for, by the terms of the warranty, if said horse was not a sure foal-getter, said E. Bennett & Son were to replace him with one that was.

Under the terms of this warranty, E. Bennett & Son were entitled to a reasonable time after being notified of said failure to replace said horse with another. It was essential, therefore, that they should have been notified of the failure of said warranty, and such notice could not be proved by proving the contents of a letter, unless notice had been given to produce the letter on the trial and the parties had failed to do so. We think the court erred in permitting the defendants, over objections by plaintiff, to prove the contents of said letter.

The court below held that appellant was a partner of E. Bennett & Son, and that notice to E. Bennett & Son was therefore notice to appellant of the notice of the failure of said warranty. There is no testimony in the record which shows that appellant was a partner of E. Bennett & Son; but the court below reached that conclusion from the fact that defendants in their answer setting up the failure of consideration charged that appellant was a partner of said E. Bennett & Son, and plaintiff had not denied said allegation under oath. We think in this the court erred.

The defendants by their plea were not seeking affirmative relief against appellant, but were merely pleading matter in bar of plaintiff's right to recover. Defendants were endeavoring to fix notice upon appellant of the failure of consideration of said note; and it was necessary for them, in order to fix the notice upon appellant, to prove either that they had been notified before they bought the note of the failure, or that it was a partner with E Bennett & Son, and thereby charged with notice by reason thereof.

This is not a case that comes within the purview of that provision of the statute which requires "a denial of partnership as alleged in the petition, whether the same be on the part of the plaintiff or defendant," to be filed under oath. Rev. Stats., art. 1265.

It seems from the provision of said article that the denial of partner-

ship under oath only relates to cases where the plaintiff alleges that it is a partnership, or that the defendants sued therein are partners. It might be, however, that where the defendant by cross-bill sought affirmative relief against the plaintiff, and he alleged a partnership, the same would be considered proved unless denied under oath. But we think it clear that the plea of partnership made by defendants in this case was not such as to require on the part of plaintiff a denial under oath in order to relieve it from proof thereof.

For the reasons above set forth, the judgment is reversed and the cause remanded.

*Reversed and remanded.*