## OTHO S. HOUSTON v. THOMAS KEITH.

### [56 South. 336.]

1. BILLS AND NOTES. *Transfer. Bona fide purchasers. What laws govern. Burden of proof. Notice.*

In a suit by the indorsee against the maker of a note made in Mississippi and payable in Texas. The rights of the indorsee to recover is governed by the laws of Texas.

2. SAME.

Under the Texas law the indorsee having become the owner of the note for a valuable consideration before maturity, in order for the maker to defeat his right to recover thereon it is necessary for the maker to show that the indorsee had notice of the failure of consideration.

3. BILLS AND NOTES. *Actions. Burden of proof.*

Under the law merchant, which obtains in Texas, the holder of negotiable paper, indorsed to him, is presumed to have a *bona fide* title, and to have parted with value for it; and it devolves upon the maker of the note, who sets up the defense and equities between himself and the payee, to lay the foundation for the rights claimed, by showing that the indorsee parted with no valuable consideration, or that he took the paper when discredited and after it became due, or some other fact which would put him upon his guard and enjoin inquiry.

4. SAME.

The purchaser of a note has the right to presume in the absence of knowledge to the contrary either that the payee had performed his part of the contract or that it would be performed.

5. EVIDENCE. *Admission of agent.*

In a suit by the indorsee against the maker of a promissory note it was error to allow statements made by the attorney of the indorsee as to the price paid by the indorsee for the note to go to the jury.

APPEAL from the circuit court of Newton county. HON. C. L. DOBBS, Judge.

Suit by Otho Houston against Thomas Keith et al. From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*J. B. Stirling* and *F. M. West,* for appellant.

Over the objection of the plaintiff an offer to compromise, namely, to accept less than the face of the note, made to the defendants by one F. M. West, before litigation began, was admitted in evidence. This was error. 2 Phillips on Evidence, p. 218 *et seq.,* note 196; 75 Miss. 659.

Over the objection of the plaintiff, statement alleged to have been made by Mr. West that Houston bought the note for fifty per cent of face was admitted in evidence. This was clearly erroneous for the reason that it matters not whether face value was paid for the note by Houston, or not. If he paid a valuable consideration without notice, he became the purchaser entitled to payment of the note unless notice of failure of consideration can be brought home to him before the purchase of the note. No effort has been made to show that Houston had notice of failure of consideration before his purchase and the fact that he purchased at less than face value, admitting for the sake of argument that such statement was made, would be but a circumstance to go to the jury affecting the question as to whether or not he was a *bona fide* purchaser.

One who took this note as collateral security for even half its value, if he was a *bona fide* purchaser without notice, is entitled to recover and no effort has been made to show that Houston had notice of the failure of consideration before his purchase. In fact, it could not be so shown for the warehouse company might have built the warehouse under the terms of the note after the transfer.

But the statement of Mr. West was inadmissible for the further reason that the alleged statement was of an

agent after the occurrence and was therefor inadmissible.
64 Miss. 713.

The note sued on being made payable in Texas is solvable under the laws of Texas. *Lienkauf Banking Co.*
v. *Haney et al.,* 46 So. Rep. 626, citing numerous Mississippi cases beginning with the case of *Fellows* v. *Harris,*
12 Smedes & Marshalls' 462, and ending with the cases
of *Hart* v. *Foundry Company,* 72 Miss. 809, and *Harrison*
v. *McPike,* 48 Miss. 46.

The holder of a negotiable note duly endorsed is
presumed to be the holder for value and that the note was
duly acquired before maturity. The burden of proof is
on the maker to show the contrary. *Harrison* v. *McPike,*
48 Miss. 46; *Bank* v. *Haney,* 46 So. 626.

This being a negotiable instrument in Texas, Houston
took the note as a *bona fide* purchaser before maturity
and the burden of proof was on the defendants to show
that he had notice of the non-performance of the contract or it being executory that it would not be performed. *Bona fide* purchasers are protected against
equities by statute in Texas. Texas Revised Statutes
265.

A *bona fide* purchaser is not bound to inquire whether
the consideration has been performed by the payee or
wholly or partially failed even though the note contains a
clause stating the purpose for which it is given. The
consideration therefor being executory. *Buckhanan* v.
*Wren,* 30 S. W. 1077, 40 S. W. 1025, 29 S. W. 392.

He is not required to inquire whether the payee is
able to perform the contract. 1 Cyclopedia of Law &
Procedure, 941-48.

A stipulation, in a note that it is for a consideration
thereafter to be realized, does not affect its negotiability
if otherwise negotiable. 19 L. R. A. 717; 66 Miss. 48;
19 Am. St. Rep. 61.

Under the well-established decisions of this state the
holder of a negotiable instrument is presumed to be the

86   HOUSTON *v.* KEITH.   [Sup. Ct.

Opinion of the court.   [100 Miss.

*bona fide* endorsee and need only introduce the instrument in evidence in suit and the burden is shifted to the defendants to show notice of want of consideration or other valid defense.

The purchaser of this note is not shown to have had any notice of a failure of consideration or fraud in the procurement of such note before he purchased the same and he is not affected by the transactions between the makers and the building association.

Even if all the testimony of the defendants had been admissible the question as to whether Houston was a *bona fide* holder of said note would have been one for the jury and should have been left to them and not settled by the court.

As stated, even if Houston had taken this note as collateral security for half its value, he would have been entitled to recover, for the taking of paper as collateral does not destroy the *bona fides*, and when taken as collateral the purchaser is entitled to all the rights of a *bona fide* purchaser of commercial, negotiable paper, unless notice or want of consideration before purchase can be brought home to him.

We respectfully ask that this case be reversed and remanded.

McLEAN, J. delivered the opinion of the court.

This is a suit brought by appellant against the appellees on a promissory note, dated Decatur, Mississippi, September 7, 1907, for twelve hundred and fifty dollars, payable on or before November 1, 1907, to the Farmers' & Bankers' Warehouse Building Association, of Houston, Texas, or order, payable at Houston, Texas. The note recites that it "is given in payment for the construction of certain improvements upon that certain lot or parcel of land situated in Decatur, Newton county, Mississippi, this day contracted to be erected by the Farmers' & Bankers' Warehouse Building Association, for

Farmers' E. & C. Union W. H. S. Company, and to secure the payment therefor an express contract and mechanic's lien is given by said contract upon said land and improvements.'' The defendants pleaded, first, the general issue; second, that said stipulation in the note was part of an executory contract, entered into between the Farmers' & Bankers' Warehouse Building Association, and that the plaintiff was put on notice by the stipulations contained in said note; and, further, that said plaintiff, at the time that he bought said note, had notice. Defendants further aver that they, on their part, performed all and singular their parts of said contract, but that neither the said Farmers' & Bankers' Warehouse Association nor the plaintiff performed or carried out said contract, but that they wholly and persistently failed and refused to do so. Defendants further say that plaintiff did not in good faith acquire said note in due course, but that he well knew that the Farmers' & Bankers' Building Association had not and would not construct and make said improvements, and that the plaintiff well knew that it, by reason of its insolvency and bankrupt condition, could not perform the same, and that he, the plaintiff, fraudulently colluded with the said Farmers' & Bankers' Warehouse Building Association to prevent defendants pleading and showing herein their said default. In short, defendants pleaded total failure and want of consideration, to all of which the plaintiff made replication, denying each and every allegation in defendants' plea.

The plaintiff introduced in evidence the note sued on, and rested. The defendants then introduced in evidence the written contract made between the payee of said note and the makers of the note, who were representatives and trustees of the subscribers to the capital stock of the Farmers' E. & C. Union W. H. S. Company, and proved that the payee of said note wholly failed to carry out and execute his part of said contract. The defendants placed

on the stand one W. L. Williams, by whom, among other
things, they sought to prove that plaintiff offered to com-
promise this suit. The testimony was this: One Mr.
West, who was the attorney for the plaintiff, went over to
Decatur to see the makers of the note, for the purpose
of collecting the note, the same having been placed in his
hands for collection; and he (West) said that Houston,
the plaintiff, had purchased this note for fifty cents on
the dollar, and would compromise it that day for the same
amount. This evidence was objected to by the plaintiff,
but the court made no rulings thereon. Thereupon the
plaintiff moved the court for a peremptory instruction,
which was overruled, and a peremptory instruction was
given for defendants.

The only question presented is whether or not the
rights of the parties are to be governed by the laws of
Mississippi, where the note was made, or the law of Tex-
as, where the note was expressly made payable. When
we say "rights of the parties," we refer to the de-
fenses set up in this case. The general rule is that mat-
ters bearing upon the execution, the interpretation, and
the validity of the contract are determined by the law of
the place where the contract is made. Matters connected
with its performance, such as payment, are regulated by
the law of the place of performance. Matters respecting
remedy, such as bringing suits, admissibility of evidence,
and statutes of limitations, depend upon the law of the
place where the suit is brought. But we are only dis-
cussing in this opinion the *lex loci solutionis. Scudder* v.
*National Bank,* 91 U. S. 406, 23 L. Ed. 245. It is not
now a debatable question as to this proposition. Un-
der the repeated decisions, of this court, beginning as far
back as *Fellows* v. *Harris,* 12 Smedes & M. 462, and ex-
tending down to *Lienkauf Banking Company* v. *Heney,*
93 Miss. 613, 46 South. 626, the rule is firmly established
that the *lex loci solutionis* is to govern, to-wit, in this
case, the law of Texas; and under the Texas law it is well

settled that, appellant having become the owner of the note for a valuable consideration before maturity, in order for appellees to defeat appellant's right to recover thereon, it was necessary for appellees to show that appellant had notice of the failure of consideration. This is not only the statutory law of Texas, but the ruling of the Texas court. *First National Bank of Wamego, Kansas* v. *Oliver,* 16 Tex. Civ. App. 428, 41 S. W. 414; Texas Revised Statutes, 265.

It is also equally well settled in this state, and elsewhere, that the holder of negotiable paper, indorsed to him, is presumed to have a *bona fide* title, and to have parted with value for it; and it devolves upon the maker of the note, who sets up the defenses and equities between himself and the payee, to lay the foundation for the rights claimed, by showing that the indorsee parted with no valuable consideration, or that he took the paper when discredited and after it became due, or some other fact which throws suspicion upon his title which would put him upon his guard and enjoin inquiry. Such is the law merchant. *Harrison* v. *Pike Bros. & Co.,* 48 Miss. 47. There is nothing in this record to show that the indorsee in this case did not pay value for the note, that he was not the *bona fide* holder, or that he had any notice of any equity or of any defense, or that he took the paper after maturity; and the result follows that, under the evidence in this case, the appellant was entitled to a peremptory instruction.

The fact that the note recited the consideration for which the note was given could, under no circumstances, affect the rights of the plaintiff, as it did not put him upon inquiry in the least. This stipulation shows that the note was given for the construction of certain mprovements thereafter to be made—purely executory in its nature; and the purchaser had the right to presume, in the absence of knowledge to the contrary, either that the

payee had performed his part of the agreement, or that it would be performed.

It was clearly error to permit the statements made by West to go to the jury. *Dufour* v. *Chapotel,* 75 Miss. 659, 23 South. 387.          *Reversed, and new trial awarded.*