SZCZEPANSKI, Respondent, vs. CHICAGO & NORTHWESTERN RAILWAY COMPANY, Appellant.

*October 5—October 24, 1911.*

*Appeal: Review: Questions for jury: Railroads: Injury to person in car with horses: Who are passengers.*

1. Rulings of the trial court to the effect that there is a fair conflict in the evidence or in reasonable inferences therefrom as to certain questions, requiring their submission to the jury, will be upheld on appeal unless clearly shown to have been wrong.

2. In an action for injuries to a person riding in a box car with horses, caused by the forcible bumping of the car in making up the train, the evidence is *held* to have justified submission to the jury of the questions whether defendant failed to exercise ordinary care in the handling of the car, whether the conductor in charge of the train ought to have known that plaintiff was in the car, and whether plaintiff exercised ordinary care for his own safety.

3. Plaintiff informed the station agent and afterwards the conductor that he wished to ride with the horses, and was told that he could do so but would have to buy a ticket and to go to the depot and sign his name. He went to the depot with the conductor and signed a paper or in a book presented by an office man, but, the agent being absent, did not ask for a ticket because he thought the person at the office had no right to sell one and the conductor was in a hurry to move the car. *Held*, that he was in the car by permission and was a passenger.

APPEAL from a judgment of the circuit court for Brown county: S. D. HASTINGS, Circuit Judge. *Affirmed.*

Action for a personal injury.

Plaintiff was riding in a box car, by permission, as he claimed, to take care of horses he was having transported over defendant's road. While the train, in which the car was to be taken out from Pulaski, the loading station, was being made up, and, as plaintiff claimed, he was in the car watching his horses, in the switching operation, it was bumped so forcibly, he was thrown down, was caught between the side of the

door opening and the door, which, by the sudden jar, was caused to close with such force as to jam and seriously injure his head. The negligence complained of was in so forcibly bumping into the car as to endanger plaintiff's personal safety.

The complaint and answer left for litigation the questions of whether defendant was guilty of actionable negligence and plaintiff of contributory negligence.

There was evidence to the effect that the engineer did not know plaintiff was in the car. The latter visited the station agent, prior to the day of the accident, to inquire about shipping the horses and said to such agent that he wanted to ride with them; not using the term, ride in the car with them. Later, he drove the horses into the car which was furnished and located therefor on the side track at the proper loading place. When the train came, which was to take the car out, he told the conductor it was ready and he wanted to ride with the horses. Thereupon he was informed that he could, but would have to buy a ticket and to go to the depot and sign his name. Pursuant thereto he went to the depot; the conductor and other members of the train crew accompanying him. Upon arriving there he signed his name to a paper, or in a book, presented to him by an office man. The agent was absent. He did not ask for a ticket as he thought the person at the office had no right to sell one and the conductor was in a hurry to move the car. Upon signing his name he immediately returned, boarded the car, and the crew commenced operations to move it out to the main track and into the train. Before the train started the conductor was informed that there was a man lying down in the car and, thereupon, he went thereto and found plaintiff in an injured condition. On the whole, the controversy was whether the conductor knew, or ought to have known, plaintiff was in the car and have informed the engineer thereof, to guard against the latter being unmindful of the situation and danger of his handling the car so violently as to imperil plaintiff's personal safety; and

whether plaintiff was guilty of fatal contributory fault, in riding in the car in the location he was at the time of the accident.

The jury found that the station agent gave plaintiff to understand he might ride in the car with the horses; that the conductor gave him permission to do so; that the latter, at the time of putting the car into the train, knew plaintiff was therein; that he ought to have known such was the situation; that he was guilty of negligence in not informing the engineer thereof; that such negligence led to the car being handled regardless of the danger to plaintiff, which fact was the proximate cause of the injury, without any want of ordinary care on his part contributing thereto, and that he suffered damages to the extent of $2,700.

The court, on motion, reversed the finding as to the conductor having had actual knowledge plaintiff was in the car when the accident happened, but, on the verdict as so changed, rendered judgment for plaintiff for the damages found with costs.

*William G. Wheeler,* for the appellant.

For the respondent there was a brief by *A. L. Smongeski,* attorney, and *Victor I. Minahan,* of counsel, and oral argument by *Mr. Minahan.*

MARSHALL, J.    The appeal presents for consideration the question of whether there was credible evidence tending to establish the affirmative of these propositions: Did appellant fail to exercise ordinary care in handling the car in which respondent was riding? Was the conductor in charge of the train so circumstanced that he ought to have known respondent was aboard the car? Did respondent exercise ordinary care for his own safety? It is conceded, or must be, that if there be a fair conflict in the evidence or in reasonable inferences therefrom as to such questions, they were properly submitted to the jury and the findings are conclusive. The

burden is upon appellant to show by the record want of such conflict. The presumptions are against error, and pretty strongly so.

The trial court considerately held, twice, that there was room in the evidence to find either way in respect to each of the matters referred to,—once on the motion for a directed verdict and again on the motion for judgment after verdict. Can we well say such holdings are clearly wrong? They must be wrong, and so clearly that way as to leave no reasonable controversy in respect thereto, else, in conformity with a well established and, in general, very beneficial rule be now held to be right. Tested by that rule it is considered that the decision below is not efficiently impeached by the record.

The main controversy is over whether the conductor ought to have known respondent was aboard the car. It is conceded that, in case the conductor or station agent gave him permission to ride therein and he boarded the car pursuant thereto, the relations between carrier and passenger were established with all duties incident thereto as regards his safety, if the conductor knew, or ought to have known, of the situation.

There was ample evidence tending to show respondent had permission to ride in the car. True, he did not, in talking with the agent or conductor, use the words, I want to ride in the car with the horses. But it seems, when he said he wanted to ride with the horses, the fair meaning,—the meaning which would ordinarily be taken as intended, under the circumstances,—is, that he wanted to ride in the car with the horses. Moreover, the evidence that he was told that he would have to buy a ticket, indicates, clearly, that the agent and conductor knew just what he meant. Their statement that he would have to buy a ticket, meant no more to him than that riding with the horses would make no difference as regards paying for the ride. Respondent thought, evidently, that, as is usually the case, if he could not conveniently get a ticket and yet boarded the train it would be all right to pay later. Under

the circumstances in regard to the ticket, it seems clear respondent was not a trespasser on the train. The relations between himself and appellant of passenger and carrier existed, notwithstanding he did not have a ticket.

Much significance is given to the fact that the verdict, as corrected by the court, found that the conductor did not know respondent was in the car, but ought to have known of it. No very great difficulty is perceived at that point. What the verdict evidently means is that the conductor did not see respondent enter the car, or see or hear him therein prior to the injury, but ought to have known he was there prior thereto. There was evidence from which the jury were warranted in making the latter finding.

The evidence shows that the conductor knew respondent wanted to ride in the car and intended to do so and went in the direction thereof immediately upon signing the transportation contract. The conductor must have known the desire to so ride was to enable respondent to care for the horses and that the time, above all others, when they would be liable to need such attention, was when the car was being switched into the train and during the first part of the journey,—the time when they were required to accustom themselves to the strange surroundings and method of being violently moved about.

No more need be said. It is considered there was evidence to carry all the controversies in question to the jury.

*By the Court.*—Judgment affirmed.