D. CANALE & Co., Appellant, vs. PAULY & PAULY CHEESE COMPANY, Respondent.

*December 10, 1913—February 3, 1914.*

*Contracts: Validity: Place of contract: Presumptions: Conflict of laws: Statute of frauds.*

1. The presumption that the place of performance of a contract is the place of the contract is not a presumption of law but a presumption of fact, rebuttable by clear, but not necessarily direct, evidence to the contrary.

2. In this case an oral executory contract for the sale of goods for a price exceeding $50 having been made in another state, to be performed by delivery of the goods in Wisconsin, and such contract being valid under the laws of the other state but invalid under the Wisconsin statute of frauds (sec. 2308, Stats.), it is *held*—the question not having been decided as one of fact by the trial court—that the presumption that the place of performance is the place of the contract is overcome by the presumptions that the parties meant to deal with each other honestly, that they knew the law, and that they intended to make a binding contract.

3. In such case the fact that the parties contemplated that the oral agreement would afterwards be reduced to writing is unimportant, where they also intended by the oral agreement to make a contract *in præsenti.*

TIMLIN and KERWIN, JJ., dissent.

APPEAL from a judgment of the circuit court for Manitowoc county: MICHAEL KIRWAN, Circuit Judge. *Reversed.*

Action on contract.

The cause was tried as a court case. These are the facts found, so far as material to be stated:

In Tennessee, July 15, 1909, plaintiff and defendant mutually, orally contracted for the latter to sell the former a quantity of cheese, at a stipulated price, free on board cars at Manitowoc, Wisconsin. The amount involved exceeded the legitimate scope of an executory oral contract under the laws of Wisconsin. The contract was executory in all respects. It was understood that it should be reduced to writing, but that was not made a condition, postponing the closing of the matter. Such understanding was not carried out. In due time plaintiff demanded performance on the part of defendant, which was refused. Because of such refusal, plaintiff was required to purchase an equivalent of cheese at a cost of $15,697.12. The cheese contracted for was worth, when it should have been delivered, $1,250 more than the contract price.

On such facts the court concluded that the place of the contract was Wisconsin because the parties contemplated performance therein, and that, as such an agreement is not enforceable by the laws of this state, judgment was awarded dismissing the cause with costs.

For the appellant there was a brief by *Kelley & Ledvina,* attorneys, and *J. E. McCadden,* of counsel, and oral argument by *Mr. E. L. Kelley* and *Mr. McCadden.*

For the respondent there was a brief by *Kelley & Wyseman,* and oral argument by *H. F. Kelley.* They contended, *inter alia,* that as between the law of the place where the parties were when the contract was made and the law of the place of performance thereof, the latter governs the question of its validity, unless it clearly appears that the parties intended to be governed by the law of the place of making.

*Newman v. Kershaw,* 10 Wis. 333, 340; *Smith v. C. & N. W. R. Co.* 23 Wis. 267; *Shores L. Co. v. Stitt,* 102 Wis. 450, 78 N. W. 562; *Bartlett v. Collins,* 109 Wis. 477, 481, 85 N. W. 703; *Brown v. Gates,* 120 Wis. 349, 97 N. W. 221, 98 N. W. 205; *International H. Co. v. McAdam,* 142 Wis. 114, 118, 124 N. W. 1042; *Emery v. Burbank,* 163 Mass. 326, 39 N. E. 1026; *Orcutt v. Nelson,* 1 Gray, 536; *First Nat. Bank v. Shaw,* 109 Tenn. 237, 70 S. W. 807, 97 Am. St. Rep. 840; *Heaton v. Eldridge,* 56 Ohio St. 87, 46 N. E. 957, 60 Am. St. Rep. 737, 36 L. R. A. 817; *Pittsburg, C., C. & St. L. R. Co. v. Sheppard,* 56 Ohio St. 68, 46 N. E. 957, 60 Am. St. Rep. 732; *Southern Exp. Co. v. Gibbs,* 155 Ala. 303, 46 South. 465, 130 Am. St. Rep. 24; *Swedish Am. Nat. Bank v. First Nat. Bank,* 89 Minn. 98, 113, 94 N. W. 218, 99 Am. St. Rep. 549, 558; *Peet v. Hatcher,* 112 Ala. 514, 21 South. 711, 57 Am. St. Rep. 45; *Miller v. Tiffany,* 1 Wall. 298; *Bedford v. Eastern B. & L. Asso.* 181 U. S. 227, 242, 21 Sup. Ct. 597; *Dickinson v. Edwards,* 77 N. Y. 573, 577, 578; Story, Conflict of Laws (8th ed.) sec. 280.

MARSHALL, J. It does not seem necessary to consider the distinction between a statute of frauds, in terms making specified contracts unenforceable, and a statute declaring certain contracts void, nor deal with the question of whether a statute of frauds is available as a defense without being pleaded. The conclusion we have arrived at renders such questions unimportant.

There being nothing inherently bad about such a contract as that in question, if it is valid by the place of the agreement, it should be so treated here, regardless of our statute of frauds. *International H. Co. v. McAdam,* 142 Wis. 114, 124 N. W. 1042. So the vital question is, Did the court err in holding the contract to be a Wisconsin agreement? It is conceded that, if the place of the contract is Tennessee

and its validity is governed by the laws of that state, then the decision complained of is wrong.

The trial· court seems to have regarded the agreed place of performance conclusive in favor of the claim that the agreement should be held to be a Wisconsin contract. Such circumstance is not necessarily conclusive. The place of a contract is a matter of mutual intention. For aids in discovering such intention, there are some. rules, any one of which is persuasive, merely, or conclusive, or not of any evidentiary value, according to circumstances.

The law is thus stated in the *International Harvester Co. Case:*

"As to mere personal contracts the law thereof as to their validity and interpretation, is that of the place where they were made; . . . unless the parties thereto intended that they should be governed by the law of the place of performance, . . . or of some other place; . . . but the intended place, as determined by legal presumption in some cases and evidentiary circumstances in others, settles all questions as to validity."

The trial court, not appreciating, as it seems, that the place of performance merely gives rise to an evidentiary presumption, did not make any finding of fact as to what the mutual intention was,· but disposed of the matter as one of law.

The place where a contract is made and is to be performed in a physical sense, is presumed to be the place of the contract, in a legal sense; but that is subject to be rebutted by clear evidence to the contrary. So in case of a contract being physically made in one place and mutually intended to be performed in another, the presumption is, in the absence of efficient evidence to the contrary, that the place of performance is that of the contract, subject to some exceptions not material here.

There is no controversy but what the law is as indicated. Counsel for both sides cite *International H. Co. v. McAdam,*

*supra,* where the subject was fully discussed. So the question at issue comes down to this: Was there evidence efficiently rebutting the effect of the circumstance that Wisconsin was agreed upon as the place of performance? There must be clear, but not, necessarily, direct evidence, in order to overcome such a presumption. In solving the vital question suggested we must view the acts of the parties from a common-sense standpoint, presuming that they intended to deal with each other honestly, in the moral as well as the legal aspects of the matter, and that when they, in form, made the oral agreement, they did not intend any idle ceremony, nor to engage in a transaction where either party could take an unconscionable, inequitable advantage of the other, but that they mutually intended to make an agreement binding on both sides.

So we have the presumption of intention springing from the place of performance, face to face with the presumption that the actors in the matter proceeded with the deliberate purpose of creating a mutually binding obligation, and also the presumption that neither party intended to infract even moral ethics. Place on one side the mere arbitrary evidentiary matter, referable to the circumstance of the place of performance being Wisconsin, and on the other the presumption resting in common sense, common honesty, and moral ethics, and also on such other side the presumption that the representatives of the respective parties knew the law and intended to make a mutually binding trade,—and what result do we see?

The answer to the question suggested is dependent upon the degree with which the major, in number, of the presumptions press upon and convince the judgment. Had the learned trial judge determined this vital matter of fact from an evidentiary standpoint, instead of disposing of the case upon the ground that, since the place of performance was Wisconsin, as matter of law the contract was a Wisconsin

contract, we might not disturb the decision; but, looking at the matter without the aid of an initial finding, it seems to us that the evidentiary circumstances, inconsistent with the presumption arising from the agreed place of performance, clearly overcome the latter and, therefore, that the contract ought to be held to be just what the parties evidently intended it should be; that is, a binding agreement; hence a Tennessee obligation.

It will be noted that we do not overlook the circumstance of the trial court having found the parties to have contemplated that the oral agreement would be reduced to writing. We take that in connection with the finding, in effect, that they purposed making a contract *in præsenti*. There is no finding that the parties merely negotiated for, but did not actually close a contract. On the contrary, the findings are, in substance, as already indicated, that they intended to make a contract *in præsenti* and to make evidence of it by a writing.

Counsel's argument that the fact as to the parties having intended to make a binding contract, should not be given any efficient evidentiary effect, is ingenious but, in our judgment, not very logical. It rests on the mistaken notion that the presumption arising from the agreed place of performance is a presumption of law; whereas, as we have said, it is a mere rebuttable inference of fact; or rests on the notion that, as a presumption of fact, it is of such forceful character as to be proof against any inconsistent presumption of less dignity than one of a conclusive character,—one equivalent to a presumption of law, which is not the case. It is efficiently rebuttable by any direct or circumstantial evidence clearly, though not necessarily conclusively, indicating the contrary. Counsel rely implicitly upon *International H. Co. v. McAdam,* 142 Wis. 114, 124 N. W. 1042, but we do not find anything there affording ground for their confidence. In connection with the decision there as to the place of the con-

tract, in any particular instance being a matter of intention, it is made plain that an evidentiary presumption in respect to the matter, is efficient only so long as no other exists clearly inconsistent with it.

The question of intention is generally solved, and only solvable, by circumstantial evidence. In such a situation as we have seen here, if direct evidence were required to overcome the presumption arising from the agreed place of performance, the latter would be, in effect, a presumption of law, instead of one of fact, because of the practical impossibility of displacing it. The adverse presumptions here, arising from the acts of the parties, quite well illustrate the old maxim that "actions speak louder than words."

*By the Court.*—The judgment is reversed, and the cause remanded for judgment in plaintiff's favor.

TIMLIN, J. (*dissenting*). In this case the learned circuit court, after trial and hearing, found the facts to be that at Memphis, Tennessee, on July 15, 1909, the parties made an oral agreement whereby respondent agreed to sell to appellant and appellant agreed to buy 100,000 pounds Daisy cheese to be delivered in quantities demanded by appellant f. o. b. cars at Manitowoc, Wisconsin, up to March 1, 1910, storage charges in the meantime to be borne by the respondent. That it was also then and there agreed that this contract should be thereafter written out and signed, but this last was never done because respondent refused so to do. In August, 1909, and at other times, the appellant duly demanded shipments, the respondent refused, and the appellant bought the cheese on the market at the market price, and brings this action for the excess which it cost, *i. e.* $1,250. The total purchase price at the rate orally agreed upon in Memphis would have been $14,250. The oral agreement is valid under the laws of the state of Tennessee.

As conclusions of law the court found, *inter alia,* that the

agreement to deliver cheese f. o. b. cars at Manitowoc, Wisconsin, made that city the place where the title would pass and the place of performance by the respondent. That, in the absence of an agreement as to terms of payment, the law will imply a contract for cash on delivery, and it was a condition precedent to appellant's right of possession or right to insist upon delivery that it tendered payment to respondent at respondent's location at Manitowoc, Wisconsin, and that city is the place of appellant's performance. The validity of the agreement made at Memphis must be determined by the laws of Wisconsin, and the agreement was therefore void under the Wisconsin statute of frauds. The learned circuit judge gave judgment for defendant, thereby finding all inferences of fact or law deducible from the evidence in favor of respondent.

It has often been held that intention is a question of fact, and that great weight will be given to the decision of the trial court upon such questions, but this rule, while asserted at times in very strong language, appears to be weak in spots and is not consistently followed. *Szczepanski v. C. & N. W. R. Co.* 147 Wis. 180, 132 N. W. 989. My time will not permit the presentation of a critical review of cases bearing upon the conflict of laws. But the decision of the learned circuit court is supported by such learned commentators as the authors of 2 Mechem on Sales, § 1043, citing cases; 3 Ency. U. S. Sup. Ct. Rep. 1041, citing cases. I have examined the latter cases and think they support the text. See, also, cases cited on page 6 of respondent's brief, not the least of which is *International H. Co. v. McAdam,* 142 Wis. 114, 118, 124 N. W. 1042, where the learned justice who writes the majority opinion in this case says:

"The place of the contract is, generally speaking, a matter of mutual intention, but the intended place, as determined by legal presumption in some cases and evidentiary circumstances in others, settles all questions as to the legal test of validity and interpretation. Such presumption, in the ab-

sence of evidence to the contrary, is that the place of making and performance, in a physical sense, is the place in a legal sense, but the place of performance, when different from that of the actual making, is the place in such legal sense, subject to the presumption being rebutted by clear evidence of intention."

There are no evidential circumstances here tending to rebut such presumption unless it be that the parties are presumed to have intended a valid contract. To say that the presumed intention of the parties to make a valid contract is potent to overcome the inferences of intention arising from fixing the place of performance elsewhere is to eliminate the latter as a factor in all cases, because every one who seriously attempts to contract intends to make a valid contract. There is nothing else in the case upon which to ground the reversal of the judgment below. There is, however, the countervailing circumstances that the parties did not rest satisfied with the oral agreement at Memphis, but stipulated that this should be followed by and included in a written and signed instrument. There are other considerations relative to the statute of frauds suggested by *Emery v. Burbank,* 163 Mass. 326, 39 N. E. 1026, 28 L. R. A. 57, and 2 Wharton, Conflict of Laws (3d ed.) secs. 690 to 695, but I forbear further comment.

I am authorized to say Mr. Justice KERWIN concurs in this dissent.