BADGER MACHINERY COMPANY, Respondent; vs. 'UNITED STATES BANK & TRUST COMPANY OF SANTA FE, NEW MEXICO, imp., Appellant.

*May 16—June 12, 1917.*

*Negotiable instruments: Bonds taken as collateral security for pre-existing debt: Holder in due course: Contracts: Validity: What law governs.*

1. A finding of the trial court that a bank holding corporate bonds took them as collateral security for the pre-existing indebtedness of a third person to the bank; that at that time there was no other consideration therefor; that they were not taken in pursuance of any agreement at the time of delivery, by the maker thereof; that there was no extension, discharge, or extinguishment of the pre-existing indebtedness at the time the bonds were so taken; and that the bank thereafter duly purchased the bonds on sale thereof as collateral to said indebtedness, is *held* to be supported by the evidence and establishes that the bank was not a holder for value in due course under sec. 1675—51, Stats.

2. Where bonds of a Wisconsin corporation, made and payable in Wisconsin, are sought to be enforced in a Wisconsin court, the question whether the holder thereof is a holder for value in due course is to be determined by the Wisconsin law, even though the contract of indorsement to the holder was made in another state.

APPEAL from a judgment of the circuit court for Columbia county: CHESTER A. FOWLER, Circuit Judge. *Affirmed.*

This action was brought by the plaintiff, a judgment creditor, to wind up the affairs of the defendant Columbia County Electric Light & Power Company, sequestrate its assets, enforce unpaid stock subscriptions, and test the validity of outstanding bonds. All bondholders and stockholders were made parties defendant.

The bondholders counterclaimed for enforcement of their bonds and foreclosure of the trust deed securing the same. Issue was raised by reply to the counterclaims.

It was held that the bonds were void in the hands of orig-

inal holders for fraud and want of consideration, but were valid in the hands of *bona fide* holders for value in due course. It was held that the appellant here, the *United States Bank & Trust Company*, was not a *bona fide* holder for value in due course, and that the bonds held by it were void, on the ground that they were taken by it as collateral security for a pre-existing indebtedness, the debt not being extinguished or extension of time of payment given, nor in pursuance of an agreement at time of delivery by the maker under sec. 1675—51, Stats.

An application was made after the evidence was in to submit proof as to the negotiable instrument law of New Mexico on the ground that the bonds were delivered to the appellant in New Mexico and the law of that place governed. The application was denied.

The court below found the appellant was not entitled to recover on its counterclaim and ordered the counterclaim dismissed with costs. Judgment was entered accordingly, from which this appeal was taken.

For the appellant there was a brief by *Clark & Johns* of Randolph, attorneys, and *Francis C. Wilson* of Santa Fe, New Mexico, of counsel, and oral argument by *Royal F. Clark* and *H. A. Johns*.

For the respondent there was a brief by *H. E. Andrews* of Portage, and oral argument by *Mr. W. S. Stroud* of Portage and by *Mr. Andrews*.

KERWIN, J. Two propositions are argued under the assignment of errors on this appeal: (a) the finding to the effect that the appellant, the *United States Bank & Trust Company*, is not a holder for value in due course under the laws of Wisconsin is not supported by the evidence; and (b) the law of New Mexico and not the law of Wisconsin governs the question as to whether the appellant is a holder for value in due course.

1. The court below found:

"14. That the defendant the *United States Bank & Trust Company* holds $12,500 of said bonds originally taken by it, with two notes of $5,000 indorsed to it by said Bridge to which said bonds were collateral, as collateral security for a pre-existing indebtedness of said Bridge to said bank resulting from overdrafts by him theretofore made thereon. That at the time the said bonds were so taken by said bank there was no other consideration therefor, and the same were not taken in pursuance to any agreement at the time of delivery by the maker thereof. And there was no extension, discharge, or extinguishment of said pre-existing debt at the time the said bonds were so taken. That said bank thereafter duly purchased said bonds on sale thereof as collateral to said debts evidenced by said notes as aforesaid."

This finding establishes that the appellant was not a holder for value in due course under the Wisconsin Negotiable Instrument Law. Sec. 1675—51, Stats. It is unnecessary to cite authorities to the proposition so well settled in this court that the finding of the trial court will not be disturbed unless against the clear preponderance of the evidence. Careful examination of the evidence convinces us that the findings of the court below are supported by the evidence, therefore cannot be disturbed.

2. It is also insisted that the court erred in excluding proof of the law of New Mexico relating to negotiable instruments. If the law of New Mexico does not govern the case, the ruling, right or wrong, was immaterial and non-prejudicial.

The general rule is that the law of the place where the contract is made governs; but, like all other rules, it has its exceptions. A very exhaustive discussion of the subject will be found in *International H. Co. v. McAdam,* 142 Wis. 114, 124 N. W. 1042. In the instant case the bonds were Wisconsin contracts, payable in Wisconsin; the maker of them, the Columbia County Electric Light & Power Company, is a Wisconsin corporation; and the appellant, the *United*

*States Bank & Trust Company,* is enforcing its claim in a Wisconsin court. True, the contract between Bridge, who sold the bonds to appellant, and appellant may be considered as made outside of Wisconsin, and if the action here were between appellant and Bridge a different question would be presented. The issues involved in the case at bar are between the maker of the paper involved and the appellant, who purchased the paper and claims to be a holder for value in due course.

The laws of Wisconsin became a part of the contract of the maker in the instant case and determine whether the holder is a *bona fide* holder for value in due course or not. *International H. Co. v. McAdam, supra; D. Canale & Co. v. Pauly & Pauly C. Co.* 155 Wis. 541, 145 N. W. 372; *Berger-Crittenden Co. v. C., M. & St. P. R. Co.* 159 Wis. 256, 150 N. W. 496; Randolph, Comm. Paper (2d ed.) §§ 47, 50; *Hume Webster & Co. v. Howe M. Co.* 54 Conn. 394, 400, 8 Atl. 482; *Lawrence v. Bassett,* 5 Allen, 140; *Wilson v. Lazier,* 11 Gratt. 477, 482; *Limerick Nat. Bank v. Howard,* 71 N. H. 13, 51 Atl. 641; *Houston v. Keith,* 100 Miss. 83, 56 South. 336.

Counsel for appellant contend that there is a conflict of authority upon the subject, and that the weight of authority supports the rule that in cases similar to the one at bar the law of the place of indorsement governs.

While there seems to be some conflict in the authorities, we are satisfied that the rule laid down for the instant case is supported by the weight of authority. It follows that the judgment must be affirmed.

*By the Court.*—The judgment is affirmed, with costs.