GREENLEE v. HARDIN.

(Division A. April 21, 1930.)

[127 So. 777. No. 28544.]

Moody & Johnson, of Indianola, for appellant.

Forrest G. Cooper and Earl T. Thomas, both of Indianola, for appellee.

Argued orally by **J. M. Talbot** for appellee.

**Smith, C. J.**, delivered the opinion of the court.

The appellee sued the appellant on a promissory note, alleging the execution of the note by the appellant, payable to Taylor-Alexander Company, Incorporated, and that the appellee was the holder thereof in due course. The appellant pleaded the general issue, and gave notice thereunder that the consideration for the note was the agreement of the payee to sell the appellant land in Florida, with reference to which representations of such a fraudulent character were made by the payee as rendered the note void.

The appellee introduced the note in evidence, proved what a reasonable attorney's fee for the collection would be, and rested.

The appellant then proved that she was married before and at the time of the execution of the note; that she lived in Mississippi; that the Taylor-Alexander Company is a corporation under the laws of Florida, with its principal office at Winterhaven, Florida. She then offered to prove the matters set up in her notice under the general issue, but on objection by the plaintiff was not permitted to do so.

Both parties requested a directed verdict; the request of the appellant was refused, but that of the appellee was

granted; and there was a verdict and judgment accordingly.

The appellant complains: First, of the refusal of the court below to grant her request for a directed verdict, and the granting of the request therefor by the appellee; and, second, the exclusion of the evidence offered by her in support of the matters set up in her notice under the general issue.

The ground of the appellant's request for a directed verdict is that the validity of the note is governed by the laws of Florida, in which state a note executed by a married woman is void. Under the laws of Mississippi a married woman may execute a valid promissory note, but the law of Florida is to the contrary. In that state a married woman's promissory note imposes no personal obligation on her; but under some circumstances, not here in evidence, her separate estate may be applied in equity to the payment thereof.

The note reads as follows:

"Winterhaven, Florida, April 27, 1925.

"Twelve months after date without grace I promise to pay to the order of Taylor-Alexander Company, a corporation under the laws of the State of Florida, Five Hundred Dollars, No cents Dollars, at the office of Taylor-Alexander Company, Inc., for value received, with interest from date at the rate of six per cent per annum until paid."

The note being dated at Winterhaven, Florida, appears, prima-facie, to have been executed in Florida; and as it is also payable to, and at the office of, a Florida corporation, the principal office of which is in Florida, we must hold that it is also payable in Florida. If the note was executed in Florida, and is payable there, it is, of course, governed by the laws of that state. But counsel for the appellee say that it appears by necessary implication, from the evidence hereinbefore referred to, that it was, in fact, executed in Mississippi. For the sake of the argument, but merely therefor, we will assume that this is true. With this assumption we are presented

with a note executed in Mississippi, but payable in Florida, and the question for decision is: By the law of which state must its validity be determined?

This court, in a long line of decisions, has held that where a promissory note is executed in one state, payable in another, the parties thereto will be presumed to have contracted with reference to the law of the state of payment; and therefore the nature, validity, interpretation, and effect of the note will be governed thereby. This presumption, however, is not absolute, and will "be controlled by the actual truth of the case, when ascertained; or, in other words, by the intention of the parties, to be collected from the contract itself, and all the surrounding circumstances." Brown v. Freeland, 34 Miss. 181. In that case it was held that where a contract made in one state, to be performed in another, would be valid where made, but void where to be performed, the parties thereto, in the absence of evidence to the contrary, would be presumed to have intended the law of the place of making to govern. This rule was approved in American Freehold Land & Mortgage Co. v. Jefferson, 69 Miss. 770, 12 So. 464, 30 Am. Rep. 587; and Commercial Bank v. Auze, 74 Miss. 609, 21 So. 754.

In Brown v. Freeland the court did not rest the case on the presumption that the parties contracted with reference to the law of the place where the contract would be valid, but reinforced its conclusion by evidence disclosed by the record, indicating that the parties had in mind the lex loci contractus when making the contract. This presumption, had it been invoked in the cases of Shacklett v. Polk, 51 Miss. 378, and Hart v. Livermore Foundry & Machine Co., 72 Miss. 809, 17 So. 769, would have caused the court to apply the lex loci solutionis, as it did without invoking the presumption. Had it been invoked in Dalton v. Murphy, 30 Miss. 59, the lex loci contractus, instead of the lex loci solutionis would have been applied, unless the lex loci rei sitæ, which the court does not seem to have invoked, applied.

The note here in question was not only payable in Florida, but was dated there. The statement in the date line of the note that it was executed in Florida is, of course, only prima-facie evidence that it was actually executed there; but it is very strong evidence that the parties intended thereby for the note to be governed by the law of that state, where payment was to be made. This fact removes the presumption that the parties intended the note to be governed by the law of Mississippi, under which it would be valid. By dating the note in Florida, and making it payable there, in the absence of other competent evidence to the contrary, the parties "located" the contract in Florida, and subjected it to the laws thereof. Harrison v. Pike, 48 Miss. 56; Brown v. Gates, 120 Wis. 349, 97 N. W. 221; 98 N. W. 205, 1 Ann. Cas. 85; Mayer v. Roche, 77 N. J. Law 681, 75A 235, 26 L. R. A. (N. S.) 763. Compare American Freehold Land & Mortgage Co. v. Jefferson, 69 Miss. 770, 12 So. 464, 30 Am. St. Rep. 587.

It is true that in Houston v. Keith, 100 Miss. 83, 56 So. 336, 337, which was a suit on a promissory note executed in Mississippi, payable in Texas, the court said: "The general rule is that matters bearing upon the execution, the interpretation, and the validity of the contract are determined by the law of the place where the contract is made." The validity of the note was not there in question, so that any statement relative to the law thereof was not called for, and cannot be held to have overruled, or in any way to affect, the other decisions of the court dealing therewith.

It may be that the rule which applies the lex loci contractus to the validity of contracts made in one state to be performed in another is the more logical, and it would seem that the law either of the place of making, or of performance, should apply absolutely, without reference to the intention of the parties; but the intention rule is too firmly fixed in the judicial history of this state to be now changed by judicial action. In this connection, see American Law Inst., Restatement Conflict of Laws (Tent. No.

4) secs. 353, 354 and 363; Goodrich on Conflict of Law, sec. 107; Professor Beale's article on "What Law Governs the Validity of a Contract," 23 Harvard Law Review, 1, 79, 194, 260.

It will have been observed, of course, that the narrow question here is the capacity, vel non, of the appellant to execute a promissory note, but this court has heretofore made no distinction, in this connection, between the capacity of parties to contract, and the validity, vel non, of a contract for other reasons.

It follows from the foregoing views that the court below erred in granting the appellee's request for a directed verdict, and in refusing the appellant's request therefor.

This makes it unnecessary for us to pass on the other rulings of the court below. The judgment of the court below will be reversed, and a judgment will be rendered here for the appellant.

Reversed and judgment here for appellant.