PROTECTIVE LIFE INS. CO. *v.* LAMARQUE.

(Division A.   Nov. 22, 1937.   Suggestion of Error Overruled Jan. 3, 1938.)

[177 So. 15.   No. 32803.]

Leathers, Wallace & Greaves, of Gulfport, for appellant.

Hewes & Goodman, of Biloxi, for appellee.

Argued orally by **P. D. Greaves**, for appellant, and by **F. C. Goodman**, for appellee.

**McGowen, J.**, delivered the opinion of the court.

The appellee, F. G. Lamarque, brought this suit in the circuit court of Harrison county against the appellant, the Protective Life Insurance Company, to recover the sum of $2,500 upon a contract of insurance providing for total and permanent disability. On the trial there was a verdict for the appellee for the amount sued for, and appeal is prosecuted here.

In the court below the appellant filed, in addition to the general issue plea, a special plea to the effect that the plaintiff was not entitled to recover because he did not furnish any proof of his alleged permanent and total disability while he was an employee insured under the terms of the policy of insurance, and that he made and furnished no proof thereof while the policy of insurance was in force and effect. The plea also stated that the contract was an Alabama contract. The replication of appellee to this plea was to the effect that the appellant was a life insurance corporation organized and existing under the laws of Alabama with its home office in Birmingham; that it had been authorized to transact business in the state of Mississippi, and had named its agents for service of process; that the insured appellee was a resident of the state of Mississippi and an employee of the City Bus Company domiciled and doing business in Harrison county, Miss.; that, in accordance with the terms of the policy, he had furnished the requisite proof of total and permanent disability within a reasonable time after the disability occurred, and that the contract of insurance is governed by the laws of the state of Mississippi, and should be so construed in accordance with sections 5131 and 2294, Code 1930.

There is no conflict in the evidence as to the total and permanent disability of the appellee. The insurer,

on July 10, 1925, executed and delivered to the Alabama Power Company, in Birmingham, Ala., a group policy of insurance effective August 2, 1925, for a term of one year renewable annually. This policy was issued to cover not only the eligible employees of the Alabama Power Company, but its associated and affiliated companies, including the Mississippi Power Company, and covered the lives of the employees thereof, and also contained a clause insuring the employees against permanent and total disability. The Mississippi Power Company delivered to Lamarque a certificate containing some of the provisions of the master or group policy of insurance, including the clause with reference to total and permanent disability. Lamarque, at that time, was an employee of the Mississippi Power Company and eligible to insurance under the terms of the contract. In April, 1926, the Mississippi Power Company sold its busses and streetcars in Biloxi to the City Bus Company, a corporation domiciled in Harrison county, Miss. The bus company took over the property and continued the employment of the bus drivers and mechanics. Thereafter, the City Bus Company notified the insurer that it desired to have included its employees in the master or group policy of insurance. This request was acceded to by the insurer, and all premiums were thereafter paid up to August 2, 1936. Lamarque became totally and permanently disabled in the month of December, 1935, and his employment was terminated by the employer on January 6, 1936, because of his disability. Lamarque's attorney notified the insurer of appellee's disability on February 24, 1936, and requested blank forms on which to furnish proof. Pursuant to this request, the insurer furnished the blanks which were executed by appellee, and proof was sent to the insurer on March 16, 1936. The insurer rejected the claim of Lamarque upon the ground that the proof was not furnished while Lamarque continued in the employ of the City Bus Company and while he was insured under the contract.

The proof shows that the Alabama Power Company applied for this group insurance in Birmingham, Ala., and that the policy of insurance was delivered to the Alabama Power Company at its office in Birmingham, and, as hereinbefore stated, that a certificate of the fact of such insurance was delivered to Lamarque by the Mississippi Power Company at its office in this state showing that he was covered by the same in the sum of $2,500 as for ten years' continuous employment under the terms of this group policy. There is no contention that Lamarque paid any premium, and the contract shows that the premiums on the master policy were to be paid by the Alabama Power Company, its associates and affiliates, including the Mississippi Power Company. The following excerpts from the master policy are set forth as being material:

The "Protective Life Ins. Co. Birmingham, Aabama . . . By this policy of insurance agrees to pay the amount determined by the formula on page 4 of this policy at the Home Office of the Company in Birmingham, Alabama. . . . This insurance shall be effective from Noon Standard Time at Birmingham, Alabama, August 2, 1925. . . .

"If any employee insured under this policy shall furnish the Company with due proof that he has, before having attained the age of 60, become wholly disabled by bodily injuries or disease, and will be permanently, continuously and wholly prevented thereby for life from engaging in any occupation or employment for wage or profit, the company will pay to him in full settlement of all obligations to him hereunder the amount of insurance then effective on his life, either in a single payment, or in annual installments as hereinafter set forth as the employer may elect. . . .

"Privileges and Conditions. The insurance hereunder shall during the continuance of the policy cover the employees included in and according to the formula hereinafter contained. . . .

"Termination of Insurance. The insurance of each employee covered hereunder shall end when he shall leave the service of the employer, or be dismissed therefrom, but without prejudice to his right to conversion to individual policy form."

The policy provides that any employee might, within 31 days, convert the group insurance into individual insurance upon payment of the premium due therefor, at the rate of his then attained age, in any one of the forms of policies issued by the insurer.

On this statement of facts, it is only necessary for us to consider the contention of the appellant that it was entitled to a peremptory instruction because Lamarque had not furnished proof of his total disability while he was an employee of the City Bus Company and while the insurance as to him was in force.

With the general observation that this policy was undoubtedly executed and delivered by the insurance company to the Alabama Power Company, and that it is unquestionably true that the contract stipulated that the insurer was to perform its obligation in Alabama, it is also unquestionably true that Lamarque did not furnish proof as to his total disability to the insurer until after the expiration of more than 60 days from the time he ceased to be an employee of the City Bus Company, and at a time, under the contract, when he was no longer insured.

There is no evidence aliunde the contract as to the intention of the parties thereto, so we are not confronted with the distinction made between lex loci contractus and lex loci solutionis. The contract in the case at bar is an Alabama contract, and the interpretation placed upon it by either party is to be determined by the laws of that state. Harrison v. Pike, 48 Miss. 46; Greenlee v. Hardin, 157 Miss. 229, 127 So. 777, 71 A. L. R. 741, and the authorities there reviewed. The language in this contract, "If any employee insured under this policy shall furnish the Company with due proof that he

has, before having attained the age of 60, become wholly disabled by bodily injuries," has been construed by the Alabama court in the cases of McGifford v. Protective Life Ins. Co., 227 Ala. 588, 151 So. 349, 352, and McCutchen v. All States Life Ins. Co., 229 Ala. 616, 158 So. 729, 733, the former case holding that unambiguous contracts must be enforced as written, there being no room for construction, and that "Our conclusion is that furnishing proof of disability, and the approval of the same by the appellee, while the insured was a member, with premiums paid, and the insurance was in force were conditions precedent and not subsequent, as contended by appellant's counsel." In the McCutchen Case, supra, the court said, as to the McGifford Case, "Conditions precedent in the law of contracts, not impossible within themselves, are none the less binding, although by subsequent events performance may become impossible without fault of the promisor."

The Supreme Court of Mississippi, in the case of Murray v. Metropolitan Life Ins. Co., 145 Miss. 266, 110 So. 660, held that the liability of an insurer of employees, under a master policy providing for termination on the employee's discontinuance of active employment, becomes fixed at the time of injury to the employee, and may be enforced after termination of employment, there passing directly upon the question presented that the disability benefits were ended by reason of the fact that the claim therefor was not established before the termination of his employment. The Murray Case was not considered by the Alabama court, but it reached its own conclusion as to the insurer's liability in the interpretation of the contract, by which we are bound.

For a lucid discussion of the precise question here as to when and under what circumstances the interpretation placed upon the obligations of a contract by the court, of the place where it was executed and to be performed, and to what extent it is binding upon the court

lex loci solutionis, see Beale's Conflict of Laws, vol. 2, p. 1199, section 346-1.

The appellee, however, insists that Lamarque was a resident of Mississippi, never having been in Alabama, and further that the City Bus Company operated its busses only in Harrison county, Miss., and that, therefore, our statute, section 5131, Code 1930, in conjunction with section 2294, Code 1930, requires us to solve the interpretation of such a contract as the one in the case at bar according to the laws of Mississippi. A pertinent part of section 5131 is as follows: "All contracts of insurance on property, lives or interests in this state shall be deemed to be made therein:" and of section 2294, in substance, is that the limitations prescribed in this chapter shall not be changed in any way whatsoever by contract between parties, and that any such change renders that limitation in the contract void.

Many of our decisions were cited in the case of Hartford Accident & Indemnity Co. v. Delta & Pine Land Company, 169 Miss. 196, 150 So. 205, wherein we enforced these statutes even against a foreign contract upon the ground that the insured was a citizen of the state, and held, in effect, that the provision for notice of loss, as therein set forth, was a limitation of action, and that, notwithstanding the Tennessee court had construed such a contract to be a limitation of liability, we declined to follow the Tennessee court. This case was appealed to the Supreme Court of the United States where it was reversed (292 U. S. 143, 54 S. Ct. 634, 78 L. Ed. 1178, 92 A. L. R. 928), and our construction of one of said statutes was held to be a violation of the due process clause of the Fourteenth Amendment to the Constitution of the United States. The situation confronting us in the case at bar cannot be differentiated from the Hartford Accident & Indemnity Co. Case. We feel constrained to follow the decision of the Supreme Court of the United States, supra, notwithstanding our long line of decisions.

It follows from what we have said that the court below should have granted the peremptory instruction requested by appellant.

Reversed and judgment for appellant.