ALBRITTON v. GENERAL FINANCE CORP.

No. 14273.

United States Court of Appeals Fifth Circuit.

May 11, 1953.

T. C. Hannah, Hannah, Simrall & Aultman, Hattiesburg, Miss., for appellant.

Lewis Schimberg, Chicago, Ill., S. E. Morse, Gulfport, Miss., for appellee.

Before HOLMES, STRUM and RIVES, Circuit Judges.

HOLMES, Circuit Judge.

The appellant, as trustee in bankruptcy, brought this action against the appellee to recover certain sums of money that the bankrupts had paid to the appellee on four loans made to them between July, 1946, and September, 1947. It was alleged in the complaint that the interest charged on all of the loans exceeded eight per cent annually; that the interest on three of the loans exceeded twenty per cent annually; and that, under the law of Mississippi, the trustee was entitled to recover the interest on all of the loans, as well as the principal on the three as to which the interest exceeded twenty per cent per annum. The court below sustained a motion for summary judgment for the appellee, on the theory that the transactions were governed by the laws of Illinois, under which there is no provision for recovery of either interest or principal that was voluntarily paid on a usurious contract.

These are the pertinent facts: De Witt Smith and Charles Longino were doing business in Lumberton, Mississippi, as a co-partnership under the firm name of Oil Field Lumber and Supply Company until March, 1949, when they were adjudicated

bankrupts. The defendant is a Michigan corporation with a principal place of business in Chicago, Illinois, where it is engaged in the business of making loans and discounting commercial paper. In August, 1945, it qualified to do business in Mississippi, for the purpose of preserving its name in the state, in the event that it should decide to open an office there at a future date. At no time did it maintain an office in Mississippi, nor did it send into the state any salesmen, solicitors, or other agents, for the purpose of doing business there, except that, from time to time during the period of the instant loan transactions, it sent auditors to inspect the bankrupt's books. On April 11, 1947, it complied with the laws of Mississippi governing foreign corporations, and completely withdrew from the state.

In respect to the first of the loan agreements, the bankrupt De Witt Smith, on June 14, 1946, 'phoned the defendant at its Chicago office requesting a loan on behalf of the partnership, whereupon defendant sent one of its employees to Lumberton, Mississippi, to discuss the matter. On June 28, 1946, the bankrupt submitted to the defendant, for its approval and acceptance, an application for the loan, along with a list of the security to be used. This loan was approved in Chicago on July 8, 1946, and the financing agreement covering the loans provided that said agreement, and all of the accounts and transactions pursuant thereto, would be construed according to the laws of Illinois, and that acceptance of the contract would be made at the defendant's home office in Chicago. Three other loans were also made to the bankrupts by the appellee and its subsidiary in August and September of 1946 and in September, 1947. The provisions and transactions incident thereto were similar to the loan of July 8, 1946, in that the loan agreement was an Illinois contract and was actually made in the offices of defendant and its subsidiary in Chicago.

Since all of the loans were made payable, and paid, in Illinois, and the parties agreed in good faith that the law of that state should control the transactions, we are unable to find any reversible error in the record, and the judgment appealed from is affirmed. American Freehold Land and Mortgage Company v. Jefferson, 69 Miss. 770, 787, 12 So. 464; Lienkauf Banking Co. v. Haney, 93 Miss. 613, 619, 46 So. 626; Byrd v. Newcomb Mill & Lumber Co., 118 Miss. 179, 79 So. 100; Greenlee v. Hardin, 157 Miss. 229, 127 So. 777, 71 A.L.R. 741; Dodds v. Pyramid Securities Co., Inc., 165 Miss. 269, 147 So. 328; Castleman v. Canal Bank & Trust Co., 171 Miss. 291, 298, 156 So. 648; Hadden v. Innis, 24 Ill. 381, 382, 385; Helmick v. Carter, 171 Ill.App. 25, 30; Cook v. Wolf, 296 Ill. 27, 40, 129 N.E. 556; Seeman v. Philadelphia Warehouse Co., 274 U.S. 403, 47 S.Ct. 626, 71 L.Ed. 1123; Merchants' & Manufacturers' Securities Co. v. Johnson, 8 Cir., 69 F.2d 940, certiorari denied, 293 U.S. 569, 55 S.Ct. 80, 79 L.Ed. 668; Albritton v. General Factors Corporation, 5 Cir., 201 F.2d 138; 11 Am.Jur., pp. 458, 461, 462; Wharton, Conflict of Laws, Sec. 510.

Affirmed.