(49 South. 605.)

No. 17,473.

### BAURENS v. GIROUX.

(May 10, 1909.)

1. DIVORCE (§ 171*) — RES JUDICATA — DISMISSAL.

In a suit heretofore rendered for separation on the ground of abandonment, a judgment was rendered by the Supreme Court. Plaintiff's demand was dismissed on the ground that he was not in good faith in suing to compel his wife to return to the matrimonial domicile. The court further held that his object was, not to obtain the return of his wife, but a divorce.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 554–558; Dec. Dig. § 171.*]

2. DIVORCE (§ 109*) — SEPARATION — NO NEW ISSUES — ABANDONMENT OF DOMICILE.

The testimony does not prove that the conditions have changed since the judgment of 1907 was rendered. He has made no attempt at reconciliation. It having been decided heretofore that defendant left home for good reason, it was incumbent upon plaintiff to prove that she had no good cause to stay away from the matrimonial domicile.

It does not appear that the plaintiff lives at the domicile to which, through summonses, he called upon defendant to return.

[Ed. Note.—For other cases, see Divorce, Dec. Dig. § 109.*]

3. ALIMONY.

Defendant's reconventional demand for alimony is dismissed as in case of no suit.

4. DIVORCE (§ 298*) — CUSTODY OF THE OFFSPRING.

The judgment of the district court, recognizing defendant's rights to the custody of the child, is sustained; also, the order permitting the plaintiff to see his child, as directed.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 781–787; Dec. Dig. § 298.*]

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Fred. D. King, Judge.

Action by J. M. Baurens against Pauline Giroux, his wife. Judgment for plaintiff, and defendant appeals. Reversed, and suit dismissed.

Oliver Stanley Livandais, for appellant. Richardson & Soulé, for appellee.

BREAUX, C. J. Alleging abandonment of the matrimonial domicile by the wife, plaintiff instituted this suit for a judgment of separation from bed and board.

Plaintiff had previously brought suit against his wife in the parish of St. Bernard for a separation from bed and board on the ground of abandonment.

That suit was decided against him. Judgment was rendered rejecting his demand.

In the present suit the defendant interposed the plea of res judicata. The grounds of the exception of res judicata were that in the first suit all the issues included in the present suit were disposed of and decided in her favor, and that the allegations in the former suit were precisely those that are set out in the present suit.

This exception was heard in the district court.

Defendant in the district court on the trial of her plea of res judicata, and in support of that plea, offered a certified copy of

plaintiff's petition for a separation on the ground of abandonment which was filed in the suit between them on the 29th of March, 1905.

Counsel for plaintiff objected on the ground that the entire record was admissible and not the petition alone.

The court ruled the objection well taken, and held that the entire record must be offered. Then counsel could specify that part needful to his plea.

Defendant then offered the entire record, including copies of judgment of the Supreme Court rendered on October 29, 1906, No. 16,193 (117 La. 696, 42 South. 224), affirming the judgment of the district court against plaintiff. He especially offered the petition, the answer, and the final judgment of this court.

· Plaintiff objected on the ground that the evidence was irrelevant.

The court held that the objection went to the effect to be given to the documents offered, and not to their admissibility.

The exception having been submitted to the court for decision, the court held:

"The record pleaded as res judicata may be res judicata as to the facts previous to the filing of the suit on October 19, 1905, but not as to what happened since the filing of the suit: that is to say, it is not res judicata as to facts that have occurred between the years 1905 and May 2, 1907. The exception of res judicata is therefore overruled. Defendant's right, however, is reserved to set up the decree of the Supreme Court or the decree of the district court and plead the same by way of answer, and the court will then adjudicate upon its effect after having heard the evidence."

After this decision by the court on the plea of res judicata had been overruled, the defendant reserved the ground set out in the exception to be alleged in the answer. She then answered, controverting plaintiff's grounds for a separation from bed and board. She assailed plaintiff's good faith in matter of his residence.

Plaintiff alleged that he had left the par-ish of St. Bernard, and that he was now a resident of the city of New Orleans.

In regard to this allegation, defendant took issue with her husband. Her averment was that plaintiff had not changed his residence; that what he had done in that respect was mere pretense in order to bring the action against her in the city of New Orleans away from the parish of his residence, where he had failed in a previous suit in obtaining favorable decision.

She further alleged: That all his averments of desire for her return to the matrimonial domicile were not made in good faith; that he did nothing toward inducing her to believe that she would be received by him; that he had not provided support for her and their child; that she was driven away from their former home by plaintiff, who even laid violent hands upon her; that in the suit previously brought against her on the ground of abandonment he failed to obtain a judgment in the district court in October, 1906, and the judgment was affirmed by the Supreme Court; that since the judgment he has remained away from her and did nothing to lead her to believe that he wished her to return to the matrimonial domicile and become reconciled to him; that he has not manifested the least concern about his child; and, further, that no new facts have arisen since the judgment before mentioned rendering it possible to hold that there is abandonment upon her part.

Some time after she filed a supplemental and amended petition containing her reconventional demand, in which she stated that she is opposed to a separation; but, if the court came to the conclusion that there must be a separation, then she urged all the grievances she has against her husband and asked for a judgment of separation from bed and board.

The usual summonses on plaintiff's peti-

tion for a separation on the ground of abandonment were served on defendant.

After these summonses had all been served and the time had expired, counsel for plaintiff, suggesting to the district court defendant's failure to return to the matrimonial domicile after having been summoned three times by the court, and averring further that, instead of returning, she had filed an answer, in which she expressed decided unwillingness to return, asked that judgment be rendered against defendant to return to the matrimonial domicile.

On plaintiff's application for this judgment, he filed as evidence the order of court. The court assigned the matrimonial domicile of the plaintiff to which he ordered the wife to return. Plaintiff produced the copy of his declaration of change of domicile and his certificate of registry as a voter and papers showing that he had voted in the city of New Orleans.

Defendant through counsel moved to refer the rule of plaintiff to the merits, as there was, as he stated, an answer before the court averring sufficient cause on the part of defendant not to return to the matrimonial domicile.

The court overruled the motion of defendant and made plaintiff's rule absolute.

To the court's ruling a bill of exceptions was urged on the ground that an answer had been filed on the merits.

The court held on hearing of the rule: That all of defendant's rights had been reserved, and they would be heard on the merits; that if defendant's answer was correct, and if sustained by proof, the judgment entered at this time would prove a mere formality, but, if the contrary was shown, then a judgment would be rendered on the merits.

A judgment was rendered at this time on the rule.

Defendant was ordered to return to the matrimonial domicile, and all of her rights were reserved, as before mentioned, to be pleaded on the merits.

In November, 1908, all of the summonses having been served, the case was called for trial on the merits.

Counsel for defendant was the first to offer evidence, which consisted of a copy of an original record in the case of Baurens v. Giroux (No. 16,193) 117 La. 696, 42 South. 224.

Counsel for plaintiff objected on the ground of irrelevancy, that the cause of action was based on new issues, and that in consequence the judgment of the Supreme Court was not pertinent.

The learned judge of the district court held: That the decision was res judicata as to all issues covered by the former suit, but that it did not apply to new facts or other causes of a date subsequent; that the decree and opinion of the Supreme Court in the prior suit would be consulted; that the objection went to the effect so far as the decree and judgment in the former suit are concerned, but not as to facts and testimony taken in the original case which were excluded.

The testimony on the merits was then heard.

The testimony was that the plaintiff had occasion nearly every day to pass the dwelling house of the defendant, and that he never looked or paid the least attention either to the defendant or his child.

As to plaintiff's dwelling in New Orleans: There is conflicting testimony about the dwelling house of plaintiff to which defendant was summoned to return. It does not appear that he lived in the house, nor is there any certainty, if defendant had made an attempt to move in the house, that he would have been there to receive her, for, as we understand, his dwelling place is on a little truck farm on which he works in the parish of St. Bernard. He did not reside

at the house in New Orleans to which he summoned defendant to return.

We will here state that the evidence taken as a whole renders it evident that plaintiff is an industrious man. Nothing is urged against his character.

Not only he is not on good terms with his wife, but we infer that he is not on the best of terms with the family of his wife.

Being a market gardener, he sells the products of the little place on which he is employed at the market in the city.

It was in passing the present dwelling place of his wife going to and from the market with his vegetables that he had occasion, if he had chosen, to say a kind word to his wife or to show some little attention for his own child.

Plaintiff seeks a separation, as stated in argument, on grounds of a date subsequent to those alleged for a separation in his prior suit.

What those new grounds are are not made evident by the testimony. In the present suit his petition alleges no new grounds, unless they be covered by the averment that he has changed his domicile to the parish of Orleans, to which he has invited his wife to return.

The defendant is also willing to a separation, but on her own terms.

To these no attention has been given.

To the judgment obtained in a prior suit effect must be given. The judgment held that the defendant had good ground for leaving her home.

We will not now hold, in view of the prior judgment, that she left the matrimonial domicile without cause.

We found in the first suit that plaintiff had not in good faith asked his wife to return, and that his main object in suing was to obtain a divorce, and not the return of the wife.

See 117 La. 696, 42 South. 224.

There is nothing before us to convince us of any change in this respect.

As bad faith had been found, as stated in the first decision, it was incumbent upon the plaintiff to do more than the mere filing of a suit and the obtaining of an order commanding the wife to return to the matrimonial domicile.

He has not manifested the least real desire to become reconciled. In consequence the situation remains the same as it was the day that his wife left the matrimonial domicile, as before stated.

The plaintiff has given some reason for not calling on his child, such as that he apprehended that he would be subjected to insult.

The wife in answer stated that she would be only too glad if plaintiff were to call and see his child.

The apprehension of the husband in fear of insult is scarcely a good reason, in view of the statement of the defendant and of the other members of the family.

Not the least attempt having been made at reconciliation, there is no good ground of action, in view of the prior judgment, to which we have already referred.

As relates to plaintiff's recent alleged domicile in the city of New Orleans, to which the defendant has been ordered to return: The house is not occupied by any one.

Something was said in the testimony about the appearance of the house; about the scarcity of furniture and kitchen utensils, all of which is not of the least importance. She, none the less, would have owed it to her husband to return to his home had it been made known to her that it was the home of the husband.

This he failed to do for very good reason, no doubt: he did not wish her to return. The weight of the testimony is that he does not reside at that house, but that his home is with his mother in the parish of St. Bernard.

Our learned brother properly ordered that the child be sent to a neighbor in order that the father might visit his child.

That order must remain in full force.

Our learned brother also properly left the child in the custody of the mother. The child is of tender years, a little girl about three years old, who needs a mother's care.

This plaintiff seems to have well understood, for he has not asked for the custody of his child.

The defendant asks for alimony.

The evidence would not justify a judgment for alimony. Besides, the case is not in such a condition as relates to evidence as to render such a decree advisable at this time.

It is therefore, ordered, adjudged, and decreed that the order relating to the custody of the child and the order permitting the father to meet his child remain unchanged.

For reasons stated, the judgment rendered on the 24th day of September, 1907, signed on the 30th of that month and year, and the judgment rendered on the 12th of January, 1909, are avoided, annulled, and reversed except in the particular above stated. Plaintiff's demand is rejected, and his suit dismissed. The reconventional demand of defendant for a separation is rejected.

It is further ordered, adjudged, and decreed that plaintiff and appellee pay the costs of both courts.

Defendant's demand for alimony is dismissed as in a nonsuit.