LAND, J.
 

 In the present suit, plaintiff bank, as the bona fide owner and holder, sues via ordinaria on a mortgage note of defendant for $1,000, and also seeks to recover the sum of $1,702.03, balance alleged to be due plaintiff bank on defendant’s note for $2,760.51, secured by two bonded warehouse receipts for 394 sacks of rice.
 

 Defendant denies any indebtedness to plaintiff bank. In his answer, defendant avers that, on February 2, 1925, plaintiff bank obligated itself to furnish defendant with the sum of $2,500 for the purpose of enabling him to make a crop of rice, cotton, and corn for the year 1925.
 

 Defendant further avers that, acting in his capacity of president of plaintiff bank, J. Nelson Greene,' with the knowledge and approval of the officers and directors of the bank, wrongfully and illegally refused to make the necessary advances to enable defendant to repair his tractor and to put it in condition to pump water sufficient to irrigate his rice crop.
 

 That the purpose of this breach of the contract on the part of J. Nelson Greene was to bring about a crop failure, and to force a sale of defendant’s farm, in order that Greene might buy in the property at a sacrifice.
 

 That, as a result of the violation of the contract by plaintiff bank, defendant was unable to properly irrigate his rice crop, and made only 444 sacks during the year 1925, but would have made from 1,200 to 1,500 sacks, worth $6 per barrel, had plaintiff bank complied with its contract to make the advances.
 

 That J. Nelson Greene acquired personally defendant’s farm, worth $10,000, for $500, and retained a deficiency judgment against defendant for over $2,000.
 

 For the alleged breach of the contract by plaintiff bank, defendant claims damages in the following amounts:
 

 1.Net loss on rice crop on account of failure to properly irrigate.. $5,384.25
 

 2. Net loss on value of land..... 8,000.00
 

 3. Damages by reason of deficiency judgment ................... 2,382.75
 

 4. Loss on sale of 444 sacks of rice (1925 crop).................. 961.97
 

 Total. $16,728.97
 

 Plaintiff bank pleaded estoppel in the lower court against the reeonventional demands of defendant, based upon a final settlement of all accounts and transactions had between the bank and the defendant, and the execution by the defendant of the note for $2,760.51, in liquidation of the balance due the bank by defendant.
 

 The plea of estoppel was referred to the merits by the trial judge; judgment was rendered in the lower court in favor of plaintiff bank, as prayed for; and the reeonventional demands of defendant were rejected and dismissed at his costs. From this judgment, defendant has appealed.
 

 1. In our opinion, the plea of estoppel was properly maintained by the court below.
 

 
 *127
 
 On March 23, 1926, a final settlement of all accounts between plaintiff bank and defendant was effected, and in this settlement a note for $2,760.51 was executed by defendant in liquidation of the balance due plaintiff bank by defendant. Not one cent of damages was claimed by defendant at the time, nor was any mention made by him of any breach of contract for advances on the part of the bank during the year 1925. Defendant was perfectly satisfied with the settlement made. See testimony of Le Blanc, J. Nelson Greene, Lege, and J. P. Greene. Tr. vol. 2, pp. 29-34, 40, 60, 61, 62, 63, 64, and 65.
 

 The present suit was filed by plaintiff bank October 5, 1927, and in this suit a balance of $1,702.03 is claimed by the bank on the note for $2,760.51, executed by defendant on March 23, 1926, in final settlement of all accounts between the bank and the defendant
 

 2.On the merits, the evidence shows that numerous repairs on the tractor and separator were paid for by plaintiff bank, amounting to $500.
 

 Yet defendant contends that the cause of the engine breaking down and going to pieces was the lack of two little governor springs, costing 30 cents each.
 

 This contention is frivolous, as defendant could have paid easily the 60 cents, which he claims was the cause of all his trouble, out of the moneys drawn by him during the year 1925 from plaintiff bank, in the following amounts; February, $281.50; March, $140.-15; April, $251.43; May, $290.45; June, $315.-10; July, $147.61; August, $225.46; September, $365.50; October, $373.22; November, $323.31; December, $261.07. See statement p. 76, Tr. vol. 1, p. 82.
 

 Judgment affirmed.