O’NIELL, Chief Justice.
 

 The plaintiff is suing for $26,728.97 damages alleged to have been caused by a breach of contract on the part of the First National Bank, of which the defendant was president. The suit was met by an exception of no cause or right of action, a plea of res judicata, and a plea of prescription of one year. • The judge of the district court held that the pleas were all well founded and rejected the plaintiff’s demand. He is appealing from the decision. The defendant died after the appeal was taken, and his testamentary executors have been made parties as appellees.
 

 The suit is a sequel of the case of First National Bank of Abbeville v. Hartman, 173 La. 124, 136 So. 290, where the defendant, Hartman, who is the plaintiff in this suit, set up a reconventional demand against the bank for the same damages that he is claiming in this suit. In the former suit Hartman claimed that the bank was liable for the damages for having breached a contract to advance him a certain sum of money to cultivate a crop of rice, cotton and corn, in 1925. In that suit the court found, first, that Hartman was bound by a settlement which he had made with the bank at the close of the year 1925, and, second, that in fact there was no breach of contract on the part of the bank. In the present suit Hartman claims that the estate of Greene is liable for' the damages, on the ground that Greene, being president of the bank, advised, assisted and encouraged the bank to breach the contract, in order that he might profit by Hartman’s failure.
 

 The defendant’s exception of no cause or right of action is founded upon the general rule that one who is not a party to a contract is not liable in damages to one of the parties for inducing the other party to breach the contract. Kline v. Eubanks, 109 La. 241, 33 So. 211; B. J. Wolf & Sons v. New Orleans Tailor-Made Pants Co., 113 La. 388, 37 So. 2, 67 L.R.A. 65; Moulin v. Monteleone, 165 La. 169, 115 So. 447; Cooley on Torts, 2d. Ed., 581. That rule is perhaps subject to exceptions, but they need not be discussed here, because we find it unnecessary to invoke the rule in this case. The reason why we find it unnecessary to decide whether the plaintiff ever had a right of action against the president of the bank, individually, is that if there was ever such a right of action it was for a tort, and is therefore barred by the prescription of one year, under article 3536 of the Civil Code. This suit was filed in November, 1934. Hartman’s reconventional demand in the suit of the bank against Hartman, in which he set up, against the bank, the same cause of action that is alleged in this suit, was filed in October, 1927. Hence, whatever
 
 *237
 
 wrong or injury was done occurred more than seven years before this suit was filed. The plaintiff claims a right of action under article 2324 of the Civil Code, which provides that he who causes another person to do an unlawful act, or assists or encourages him in the commission of it, is answerable in solido with the wrongdoer for the damage caused by his act. That article of the Code is under the rubric of offenses and quasi offenses. Its meaning is that - joint tort-feasors are liable in solido for the damage resulting from their wrongful act. The term “an unlawful act” does not mean necessarily a criminal act; it means a wrongful act, or a tort— any wrongful act (not involving a breach of contract) for which a civil action will lie. If we should assume, however, that a breach of contract is “an unlawful act,” in the meaning of article 2324 of the Civil Code, the fact would remain that one who assists or encourages another in the commission of such an act is guilty of a tort— not guilty of a breach of contract. According to articles 3536 and 3537 of the Civil Code, tort actions are barred by prescription after the lapse of one year from the day on which the damage was sustained. The president of the bank, individually, did not owe any contractual obligation to Hartman. Hence, if the president was liable individually to Hartman for inducing the bank to breach its contract, the liability arose not ex contractu but ex delicto.
 

 Having concluded that, if the plaintiff ever had a right of action against the president of the bank individually, the action is barred by prescription, we find it unnecessary to consider the defendant’s plea of res judicata.
 

 The judgment is affirmed.