STRINGER *v.* CONSUMERS CREDIT CORP., INC., et al.

No. 40873 October 20, 1958 105 So. 2d 756

*Simmerman & Richardson,* Pascagoula; *W. H. Watkins, Jr.,* Tylertown, for appellant.

*Karl Wiesenburg,* Pascagoula, for appellees, Consumers Credit Corporation and W. H. Holder, d/b/a Commercial Finance Plan.

*Satterfield, Shell, Williams & Buford,* Jackson, for appellee, Southern Life & Surety Insurance Company.

LEE, J.

■■ ■ N. D. Stringer, Sr., by an attachment in chancery, sought to recover from Consumers Credit Corporation, a Louisiana corporation, and three other local corporations, damages which he alleged to have arisen to him out of the breach of a written contract and as a result

of a wrongful tort. A number of other parties were made garnishee-defendants.

The original and amended bills charged that Consumers Credit Corporation transacted the business of making loans to individuals and appointed agents for that purpose in this State; that such agents were required to deposit with Consumers collateral to guarantee the payment of loans of the borrowers and that this was known as a guaranty fund; that the loan agents agreed to pay a third party guarantor $100 per month, or the sum of two percent of the business done by the broker with said corporation; that on December 15, 1955, William F. Holder, one of the loan agents, entered into a contract with the complainant to pay him the sum of $100 per month or two percent of the gross business done by said agent upon the deposit by complainant of $5,000; that Consumers knew of and approved the contract, and the same was carried out until November 8, 1956, when the defendants, interlocking corporations, wrongfully breached this contract; that they wrongfully entered into a conspiracy to cancel the contract so that the profits and emoluments thereof would be lost to the complainant; "and the breach of said contract after performance of same constitutes a tort and renders defendants liable to complainant herein in both an action ex contractu and an action ex delicto"; that, if Holder was not actually a party to the conspiracy, he was a victim thereof, and was forced by threats, intimidation and duress to cancel the contract by threats to cut off his line of credit with Consumers; that Holder became intimidated and cancelled the same because of fear that such line of credit would be withdrawn; and that this resulted in great damage to the plaintiff. Copies of the contract between Stringer and Holder and between Consumers and Holder were attached to the bill.

Demurrers were interposed, and, among other grounds, set up that there is no equity on the face of the bills, and the contracts show on their face that they were made

in the State of Louisiana, and that under the laws of Louisiana, no cause of action is stated against the defendants.

The demurrers were sustained.

Under the pleading, it is obvious that the appellant sought a recovery both ex contractu and ex delicto. Under that kind of pleading, a demurrer is properly sustained. Town of Hazlehurst v. Cumberland Tel. & Tel. Company, 83 Miss. 303, 35 So. 951; Home Insurance Company v. Tate Mercantile Company, 117 Miss. 760, 78 So. 709; G. M. & N. Railroad Company v. Madden, 190 Miss. 374, 200 So. 119. See also Nasif v. Booth, 221 Miss. 126, 72 So. 2d 440, where it was said: "It is our opinion that the demurrer should have been sustained for the reason that the declaration clearly contains two counts on contract and two on tort sounding in negligence, and consequently there was no error in dismissing the first two counts. Especially is this true since all the proof was directed to the issue of negligence. As we said in Potomac Insurance Co. v. Wilkinson, 213 Miss. 520, 526, 57 So. 2d 158, 'The demurrer ought to have been sustained and an election between the two counts compelled.' In that case there was one count in contract and one in tort. The appellants here had their choice as to the form of their cause of action. They could have brought it in contract or in tort, but not in both in the same action. Tort was the proper action here since the proof was directed to the issue of negligence. In 42 C. J. S., Indemnity, Section 28, page 609, it is said: 'An indemnitee may proceed against his indemnitor by an action ex contractu, on the contract or bond of indemnity, as by an action of assumpsit; or, where he seeks to recover for damages paid for injuries caused by the negligent or wrongful acts, he may proceed by action ex delicto. * * *' "

 █ The contract was made in Louisiana and is controlled by the laws of that state. Couret v. Conner,

118 Miss. 374, 79 So. 230; Price v. Harley, 142 Miss. 584, 107 So. 673; Greenlee v. Hardin, 157 Miss. 229, 127 So. 777; Dodds v. Pyramid Securities Co., Inc., 165 Miss. 269, 147 So. 328.

In Louisiana, an action for conspiracy to breach a contract, whether in contract or in tort, will not lie against a third party. In Cust v. Item Company, Ltd., 200 La. 515, 8 So. 2d 361, the opinion pointed out that the other damage would be too remote to justify a recovery by the plaintiff "even if the law of Louisiana permitted a party to a contract to recover damages from a third party for his inducing the other party to breach the contract. But it is now well settled that one who is not a party to a contract is not liable in damages to one of the parties to the contract for inducing the other party to breach the contract. Kline v. Eubanks, 109 La. 241, 33 So. 211; B. J. Wolf & Sons v. New Orleans Tailor-Made Pants Co., 113 La. 388, 37 So. 2, 67 L. R. A. 65; Moulin v. Monteleone, 165 La. 169, 115 So. 447; Hartman v. Greene, 193 La. 234, 190 So. 390; Cooley on Torts, 2d Ed., 581."

In 26 A. L. R. 2d 1256, in pointing out that Louisiana follows the minority rule in this regard, the text says: "The view that persuasion which induces a breach of contract is actionable is not universally held.

"Thus, in Hartman v. Greene (1939) 193 La. 234, 190 So. 390, certiorari denied 308 U. S. 612, 84 L. ed. 512, 60 S. Ct. 180, it was said that as a general rule one who is not a party to a contract is not liable in damages to one of the parties thereto for inducing the other party to breach the contract. And see to the same effect Cust v. Item Co. (1942) 200 La. 515, 8 So. 2d 361, and Templeton v. Interstate Electric Co. (1948) 214 La. 334, 37 So. 2d 809.

"This view has been recognized as particularly applicable in the situation where a contract has, by reason of persuasion exercised by defendant, been canceled according to its terms."

Besides, Holder, under his contract had an absolute right to cancel the same. In like manner, Consumers also had the right to cancel its contract with Holder.

It follows that the demurrers were properly sustained, and the cause is therefore affirmed.

Affirmed.

*McGehee, C. J.*, and *Kyle, Arrington* and *Gillespie, JJ.*, concur.