401 P.2d 178

**WESTERN SURETY COMPANY,**
a corporation, Appellant,

v.

**Robert CLAUSS, Appellee.***
I CA–CIV 39.

Court of Appeals of Arizona.

April 16, 1965.

Greig Scott and Jack C. Cavness, by Tom C. Foster, Phoenix, for appellant.

Gibbons, Kinney & Tipton, by Howard W. Gibbons and Leland Featherman, Phoenix, for appellee.

DONOFRIO, Judge.

This is an appeal by Western Surety Company, a corporation, for a money judgment entered against it in favor of Robert Clauss, appellee.

The facts are: The appellee for the purpose of selling his car consigned it to an automobile dealer who was licensed by the State Highway Department. While the car was in the dealer's possession, it was damaged in an accident caused by the negligence of an employee of the dealer. The accident occurred while the employee was in pursuit of his employment and while attempting to sell the car. The appellant as surety for the dealer had at the time of the accident a bond posted with the Highway Department which was conditioned in accordance with the provisions of Sec. 28–

---

* This appeal was filed with the Arizona Supreme Court and assigned that Court's Number 7676. This matter was referred to this Court pursuant to Section 12–120.23 A.R.S.

1305(B), Arizona Revised Statutes. This section reads as follows:

"Applications shall also be accompanied by a bond in a form to be approved by the superintendent, and shall be in such amount, not less than one thousand dollars, as the superintendent prescribes, and executed by a surety company authorized to transact business in this state as surety thereon, with the applicant as principal obligor thereon, and the state as obligee. The bond shall be conditioned that the applicant will faithfully comply with all the provisions of law and that the bond shall be non-cancellable for the period of time for which the license to the applicant is issued. The bond shall inure to the benefit of any person who suffers loss by reason of any *unlawful act* of the licensee." (Emphasis added)

The appellee by this action sought recovery from the appellant-surety for the damages to his car. The trial court on the basis of an agreed statement of facts acknowledging negligence, entered judgment in favor of the appellee and against the appellant-surety. This appeal followed.

The sole issue is whether unintentional negligence constitutes an "unlawful act" as the term is used in Section 28–1305(B) (supra).

This section is a part of the legislative enactment which regulates the business of motor vehicle dealers and the particular clause involved herein has been previously interpreted by our Supreme Court.

In Commercial Standard Ins. Co. v. West, 74 Ariz. 359, 249 P.2d 830 (1952), the court dealt specifically with the definition of "unlawful act". The question involved therein was the extent of the surety's liability under a bond such as is involved in the instant case and under the identical statute. The court at page 363 of the Arizona Reports said:

"The instant statute and bond are not limited but are all-inclusive where there has been an unlawful act by the dealer, for the statute expressly provides that 'Such bond shall inure to the benefit of any person who shall suffer any loss by reason of *any unlawful act of the licensee.*' (Emp. sup.) The Supreme Court of Louisiana, in the case of Hartman v. Greene, 193 La. 234, 190 So. 390, 391, stated:

" 'The term "an unlawful" act does not mean necessarily a criminal act; it means a wrongful act, or a tort—any wrongful act (not involving a breach of contract) for which a civil action will lie. * * *.' " 74 Ariz. 363, 249 P.2d 832.

The Supreme Court again passed upon the same statute and affirmed itself in the case of Phoenix Auto Auction v. State Automobile Ins. Ass'n, 86 Ariz. 337, 346 P.2d 146 (1959), when at page 340 of the Arizona Reports it said:

"Section 28–1305, supra, provides that the bond required 'shall inure to the benefit of any person who suffers loss by reason of any unlawful act of the licensee.' The meaning of the term 'unlawful act', as used in this particular statute, has been construed in Commercial Standard Insurance Co. v. West, 74 Ariz. 359, 249 P.2d 830. We there adopted the rule set forth in Hartman v. Greene, 193 La. 234, 190 So. 390, 391, which states:

" 'The term "an unlawful act" does not mean necessarily a criminal act; it means a wrongful act, or a tort—any wrongful act (not involving a breach of contract) for which a civil action will lie * * *.' " 86 Ariz. 340, 346 P.2d 148.

Appellant's contentions are that the definition as set out in the two foregoing cases is dictum and should not be applied to the instant case, and that the legislature could not have intended the all embracing protection of the public which would result if the above definition were applied and the judgment in this case sustained.

█ We cannot agree that we should not follow the definition set forth. Although

the Commercial Standard case involved alleged conversion of money and the Phoenix Auto Auction case involved an act concerning an insufficient fund check, the court, nevertheless, clearly interpreted an unlawful act to include a tort. We can see no sound reason to exclude negligence, which is a tort, and include the other acts above given.

Appellant urges that to extend liability to torts would take the appellant out of the area of a surety and place it within the field of public liability insurance.

The Legislature has seen fit to use the general term "unlawful act" which the court has clearly defined. The court can only interpret laws as found, despite consequences of such interpretation, and argument as to the effect of a statute, if so construed, should be addressed to the legislature. Boice v. Campbell, 30 Ariz. 424, 248 P. 34 (1926).

Judgment affirmed.

STEVENS, C. J., and CAMERON, J., concur.