LOTTINGER, Judge.
Plaintiff brought this suit for a separation from bed and board and for alimony. Trial of the matter was held on May 19, 1971 and after trial, judgment was rendered, read and signed in open court on said date, dismissing plaintiff’s suit with prejudice. On said date, May 19, 1971, plaintiff obtained an order for a suspensive appeal from the judgment of May 19, 1971 which was returnable to this Court on or before July 9, 1971 and the appeal bond fixed at $250.00. On July 2, 1971 on motion of appellant the appeal bond previously fixed herein in the sum of $250.00 was reduced to $150.00. The appeal bond in the amount of $150.00 was filed herein on July 6, 1971. No application for a new trial was made herein.
Being presented with these facts, this Court, ex proprio motu, issued a show cause order, questioning if the appeal bond filed herein was filed timely and if we had jurisdiction in this matter.
Louisiana Code of Civil Procedure Article 3942 provides that:
“An appeal from a judgment granting or refusing an annulment of marriage, a separation from bed and board, or a divorce can be taken only within thirty days from the applicable date provided in Article 2087(1)-(3).
“Such an appeal shall suspend the execution of the judgment insofar as the judgment relates to the annulment, separation, or divorce.”
(Emphasis supplied)
Article 2087 provides that:
“Except as otherwise provided by law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken, and the security thereof furnished, only within ninety days of:
“(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely;
“(2) The court’s refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914; or
“(3) The date of the mailing of notice of the court’s refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914.”
(Emphasis ours.)
Since the judgment was rendered and signed on May 19, 1971 in the presence of both plaintiff and defendant and no application for a new trial having been made, and since the bond filed herein was not filed until July 6, 1971, it is evident that the bond was filed way beyond the thirty days as provided by C.C.P. Article 3942 and for that reason the appeal was not perfected timely and therefore we do not have jurisdiction over this appeal. This appeal is hereby dismissed.
Appeal dismissed.