267 So.2d 908 (1972)
Ernest L. McADAMS, Jr.
v.
Jeanette Millet McADAMS.
No. 8924.
Court of Appeal of Louisiana, First Circuit.
October 2, 1972.
*909 Jack N. Rogers, Baton Rouge, for appellant.
Fred H. Belcher, Jr., McCollister, Belcher, McCleary and Fazio, Baton Rouge, for appellee.
Before LANDRY, ELLIS and TUCKER, JJ.
ELLIS, Judge:
This is a suit for separation from bed and board brought by Ernest L. McAdams, Jr., against Jeanette Millet McAdams, on the ground that they have lived separate and apart for one year prior to the institution of the suit. Defendant answered, denying the separation, and reconvened for a separation from bed and board on the ground of cruel treatment. She also asked for alimony and a $2,500.00 attorney's fee. Plaintiff's answer to the reconventional demand alleged that most of the allegations of cruelty therein contained had *910 already been considered and rejected by the trial court in a prior suit instituted by defendant herein, and that the judgment therein dismissing Mrs. McAdams' suit was res judicata as to those allegations.
After trial on the merits, judgment was rendered dismissing the reconventional demand and granting plaintiff a separation from bed and board against the defendant. Plaintiff was ordered to make the monthly mortgage payments on the matrimonial domicile, and to maintain the taxes and insurance thereon. Defendant was granted the use of the matrimonial domicile as her residence. From that judgment, defendant has appealed.
Her first specification of error is that the court was wrong in not granting judgment on her reconventional demand for separation on the ground of cruelty. The record shows that the parties have voluntarily lived apart since July 22, 1970, and that there has been no reconciliation between them. This suit is the third separation suit to be filed. The first two were brought by Mrs. McAdams, alleging various acts of Mr. McAdams as grounds for a separation on the ground of cruel treatment. The judgment in both suits are now final, an appeal from the second judgment having been dismissed by us for failure to file the appeal bond timely. See McAdams v. McAdams, 252 So.2d 746 (La.App. 1 Cir. 1971).
We will not consider any allegations contained in the reconventional demand which have been previously rejected by the trial court as constituting a basis for a separation from bed and board. The judgments in the former suits are res judicata as to the sufficiency of the allegations therein contained. See Baurens v. Giroux, 123 La. 879, 49 So. 605 (1909).
The new allegations in the reconventional demand are to the effect that the plaintiff left an automobile for defendant's use, but did not leave an ignition key, and did not give her a key until a later date; that he delivered the information for the reparation of her income tax return on April 15, 1971, at 9:00 p. m.; that he harassed her on the telephone, and that he failed to support her.
Plaintiff testified that each of them had a set of keys to the automobile he left with her, and that he gave her the income tax information as soon as he got it from his accountant. He denied having spoken to the defendant on the telephone since the date of their separation. He stopped paying support after the suit in which he was ordered to do so was dismissed and after defendant went back to work.
We think the trial judge correctly denied the reconventional demand. First, the ground alleged by plaintiff for a separation, voluntarily living apart for one year, is absolute and available to either spouse. The question of fault on the part of either party is not an element to be considered on the merits so long as the separation is voluntary. In any event, we find no manifest error in the finding of the lower court that the reconventional demand is without merit, since all of the acts alleged by the wife happened after the separation, and had no causal connection therewith, and because we do not find that she carried the burden of proving that the acts were sufficient to cause living with her husband insupportable.
Defendant complains further of the refusal of the trial court to grant her an injunction to prohibit plaintiff from alienating the community property. Of course, the judgment of separation dissolved the community and vested each of the parties with an undivided one half interest therein. Neither party can alienate the interest of the other, and there is no necessity for such injunctive relief as was prayed for.
Third, defendant complains of the failure of the court to award her alimony. As pointed out above, the trial judge *911 awarded her the use of the community home, and ordered plaintiff to pay the mortgage installments, the taxes and the insurance premiums due thereon. She wants an additional $200.00 per month, a sum which had been awarded in one of the previous cases. The record reveals that plaintiff has a net monthly income of $827.30, and monthly expenses, including payment of various community debts and taxes and insurance on the community house of $1,598.69. Defendant, since the award of alimony in the prior suit, had become employed at a gross salary of $450.00 per month, with a take home pay of $189.18 every two weeks. She testified to monthly expenses of $433.00. This is obviously one of those cases in which there is not enough money to go around. We find no abuse of the discretion of the trial judge in holding as he did.
Finally, defendant complains of the failure of the trial judge to award her an attorney's fee of $2,500.00. Since the community was dissolved by the judgment herein, the defendant is entitled to a judgment for her attorney's fee, even though unsuccessful in her reconventional demand. However, the liability of the husband is only as head and master of the community. See Tanner v. Tanner, 229 La. 399, 86 So. 2d 80 (1956); Civil Code, Article 155; Malone v. Malone, 260 La. 759, 257 So.2d 397 (1972).
There is no testimony, expert or otherwise, in the record to the value of the legal services rendered herein. Our examination of the record leads us to the conclusion that a fee of $500.00 would be reasonable.
The judgment appealed from is therefore amended so as to award defendant judgment for $500.00 attorney's fee against plaintiff, as head and master of the community formerly existing between them, and as amended, it is affirmed. All costs in the court below are to be paid by defendant, and costs in this court are to be equally shared by the parties hereto.
Amended and affirmed.