401 So.2d 626 (1981)
Lurnice LeBLANC, Plaintiff-Appellee,
v.
David LYONS, Defendant-Appellant.
No. 8287.
Court of Appeal of Louisiana, Third Circuit.
June 30, 1981.
*627 Miller, Miller & Craton, John F. Craton, Crowley, for defendant-appellant.
Dupuis & Mayers, Kenneth P. Mayers, Lafayette, for plaintiff-appellee.
Before DOMENGEAUX, GUIDRY and SWIFT, JJ.
DOMENGEAUX, Judge.
Lurnice LeBlanc Lyons (wife) and David Lyons (husband) were granted a judgment of separation in the captioned district court on January 17, 1979. During the pendency of those proceedings, the wife requested and was granted an injunction prohibiting the husband from alienating or encumbering the community property which they had acquired during the marriage. By judgment granted on November 7, 1980, the parties were divorced. Inasmuch as they had not entered into a community settlement, nor otherwise disposed of the community property after their legal separation, and had not indicated any immediate plans to do so after the divorce, the divorce judgment continued the injunction against the husband in full force.[1] The trial judge's order in this respect was done upon the request of the wife's counsel.
The husband has appealed. The only issue presented for determination is whether the trial judge erroneously ordered that the previously issued injunction during the proceedings against him prohibiting alienation or encumbering of the community assets, be continued in the judgment of divorce.
In order for the wife to be entitled to injunctive relief of the kind granted her in the judgment of divorce, she must as a general proposition come under the umbrella of La.C.C.P. Art. 3601 or specifically, under La.C.C. Art. 149 or La.C.C.P. Art. 3944. Those laws provide respectively as follows:
La.C.C.P. 3601:
"An injunction shall issue in cases where irreparable injury, loss, or damage may otherwise result to the applicant, or in other cases specifically provided by law; ..."
La.C.C. 149:
"During the suit for separation, a spouse may, for the preservation of his rights, require an inventory and appraisement to be made of the community property and obtain an injunction restraining the disposition of the whole of the community or of specified things of the community property."
La.C.C.P. 3944:
"Either party to an action for separation from bed and board or divorce may obtain injunctive relief without bond prohibiting the other party from disposing of or encumbering community property."
It is our conclusion that the wife in this case is not entitled to the injunctive sanctions granted her in the divorce decree under either La.C.C. Art. 149 or La.C.C.P. Art. 3944 because those laws anticipate "during the proceedings" injunctive sanctions, and not such sanctions after the judgment of separation or divorce. Walker v. Walker, 157 So.2d 476 (La.App. 3rd Cir. 1963), affirmed in part, reversed in part, *628 246 La. 407, 165 So.2d 5 (1964);[2]McAdams v. McAdams, 267 So.2d 908 (La.App. 1st Cir. 1972).
The judgment of separation granted to the parties on January 17, 1979, dissolved the community and vested each of them with an undivided one-half interest therein. The property forming the community ceased to exist as such. The parties became co-owners of the property. Neither party can alienate the interest of the other and there is neither necessity nor authority for an order continuing the "during the proceedings" injunctive sanctions against the husband, David Lyons. McAdams v. McAdams, supra; Walker v. Walker, supra; Fleury v. Fleury, 131 So.2d 355 (La.App. 4th Cir. 1961). See also 10 Louisiana Digest, Husband and Wife, for the myriad cases setting out the status of the parties and their community property once the judgment of separation or divorce is pronounced.
If the wife is to prevail on this appeal she must do so under the authority of La.C.C.P. Art. 3601. To come under that Article one must show that irreparable injury, loss, or damage will ensue if an injunction is not granted. Additionally, in order to seek umbrage under that Article, one must be without an adequate remedy at law. The jurisprudence states an injunction to be an equitable remedy available to a party under C.C.P. Art. 3601, who is without an adequate remedy at law. West v. Winnsboro, 252 La. 605, 211 So.2d 665 (1968).
In this case the wife has failed to show that irreparable injury, loss, or damage will ensue in the event the injunction against her husband is not included in the divorce decree. She has an adequate remedy at law, i. e., a suit for partition as a co-owner of the former community property. Walker v. Walker, supra.
Nevertheless, the wife cites the case of Fuori v. Fuori, 334 So.2d 488 (La.App. 1st Cir. 1976) for the proposition that injunctive sanctions are proper even after judgment of separation or divorce. That case is distinguished. Fuori recognized that a husband or wife, even after separation or divorce, could obtain an injunction under C.C.P. Art. 3601 to prevent encumbering or alienating the former community property, but only upon showing irreparable injury, loss, or damage. The Fuori court then proceeded to find that the exigencies presented in that case were such that the wife proved irreparable injury. No such showing of irreparable injury is present in the appeal at hand even though the community property allegedly includes some movables, i. e., certificates of deposit, which conceivably could be "cashed in" by the husband. In case this would happen, the wife has her remedies against him. It is axiomatic that in order to show irreparable injury or harm, one seeking an injunction under La.C.C.P. Art. 3601 must prove that the loss alleged is one which cannot be adequately compensated in money damages or for which such damages cannot be measured by pecuniary standards. Succession of Vice, 385 So.2d 554 (La.App. 3rd Cir. 1980), writ denied October 20, 1980.
For the above and foregoing reasons it is ordered that the portion of the divorce decree granted November 7, 1980, which ordered that the restraining orders encumbering and prohibiting David Lyons from disposing of any community property be maintained in full force and effect, be and the same is hereby reversed and ordered deleted from said judgment. The judgment in all other respects is affirmed.
The costs of this appeal are assessed against appellee, Lurnice LeBlanc Lyons.
REVERSED IN PART, AFFIRMED IN PART, AND RENDERED.
NOTES
[1] The judgment of separation which was previously granted on January 17, 1979, did not provide for continuing the "during the proceedings" injunction.
[2] The portion of the case for which it is cited herein was affirmed.