BLANCHE, Justice
(dissenting).
Injunction is an extraordinary remedy and as a general rule should only be granted where the party seeking it is threatened with irreparable injury and is without adequate remedy at law. Civil Code Article 149 and Code of Civil Procedure Article 3944 provide for injunctions between spouses, without bond, and without the necessity of alleging irreparable injury. These articles represent limited exceptions to the general injunction rule (La.C.C.P. Art. 3601) and as such should be interpreted narrowly.
The language of C.C. Article 149 and C.C.P. Article 3944 clearly indicates that the injunctive relief provided by these articles is not available after a suit for separation or divorce is terminated by a judgment awarding the requested relief. C.C. Art. 149 contemplates an injunction “During the suit for separation,” and C.C.P. Art. 3944 allows one for “Either party to an action for separation from bed and board or divorce.” This language is consonant with the underlying purpose of the C.C. Art. 149 injunction: to preserve the status quo during the pendency of the separation proceedings.
I agree with the concurring opinions statement that “considerations of logic and of accomplishment of purpose weigh heavily in favor of a decision that an Article 149 injunction does not terminate until its purpose has been accomplished or the need no longer exists.” However, I submit that the purpose of the C.C. Art. 149 injunction is accomplished upon rendition of a judgment of separation and that thereafter the necessity for such injunction no longer exists. The reason for the issuance of the C.C. Art. 149 injunction is simple. Prior to a judgment of separation from bed and board, either spouse, acting alone, may alienate or encumber community assets unless otherwise provided by law. La.C.C. Art. 2346. Upon rendition of the separation judgment, the community is dissolved retroactively and neither spouse can continue to alienate former community property with impunity as they are, as of that moment, co-owners. In the event that community rights are threatened, the spouses have adequate means of enforcing and preserving their respective property rights by invoking a judicial partition. That remedy is simply not available prior to a judicial separation (C.C. Art. 2336). The C.C. Art. 149 injunction specifically addresses the situation in which dissolution of the community is imminent, but not yet accomplished, and either spouse during the pendency of the separation proceedings could dispose of the community assets to the serious detriment of the other. Following the judgment of separation, the spouses become co-owners of the property and as such neither party can alienate or encumber the interest of the other. The demonstrated need for injunc-tive relief ceases with the rendition of the separation judgment. Following the separation judgment, there is neither necessity nor authority for continuing injunctive sanctions unless something more — the possibility of irreparable injury — can be shown.
This position is supported by the decisions in Leblanc v. Lyons, 401 So.2d 626 (La.App. 3rd Cir., 1981) and Fuori v. Fuori, 334 So.2d 488 (La.App. 1st Cir., 1976) and represents the proper application of the injunction statutes.
*438 Injunction sanctions are proper after a judgment of separation only upon a showing of irreparable injury pursuant to La. C.C.P. Art. 3601. The injunction obtained by Mrs. Davis under C.C. Art. 149 and C.C.P. Art. 3944 terminated by operation of law when the judgment of separation was granted.
I respectfully dissent.