422 So.2d 597 (1982)
HUBER OIL COMPANY OF LOUISIANA, INC., Plaintiff & Appellee,
v.
SAVE-TIME, A Partnership, Terry J. Wall, Individually, and d/b/a Wall's Pak-a-Bag, Inc., James Howard, Individually, d/b/a Howard's Grocery and Vincent Oil Company, Defendants & Appellants.
No. 82-242.
Court of Appeal of Louisiana, Third Circuit.
November 12, 1982.
Rehearing Denied December 28, 1982.
*598 Jacques, Rester & Townsend, Daniel K. Rester, Lake Charles, for defendants & appellants.
Scofield, Bergstedt, Herard, Hackett & Mount, Richard E. Gerard, Lake Charles, for plaintiff & appellee.
Stockwell, Sievert, Viccellio, Clements & Shaddock, Emmett C. Sole, Lake Charles, for defendant-appellee-appellant.
Before CULPEPPER, DOMENGEAUX and GUIDRY, JJ.
CULPEPPER, Judge.
Huber Oil Company of Louisiana, Inc., hereinafter "Huber," filed this suit for injunctive relief to enforce contracts which it had to sell gasoline to three convenience stores, two of the contracts being with the former owners of the stores and the third with the former lessee. The defendants are (1) Save-Time, a partnership which purchased two of the stores from the owners and leased the third, (2) Terry J. Wall, the previous owner of one of the stores and lessee of another, (3) James Howard, previous owner of one of the stores, (4) Save-Time, Inc., operator of all three stores, and (5) Vincent Oil Company, which desires to sell gasoline to the three stores. At the time plaintiff filed its original petition, it obtained a temporary restraining order enjoining all of the defendants from terminating the sales agreements between Huber and Wall and between Huber and Howard pertaining to the delivery of gasoline to the three stores, and enjoining the defendants from removing the signs or other equipment installed by Huber, and from taking any action to interfere with Huber's performance of the sales agreements. The defendants filed motions to dissolve the temporary restraining order and demands for damages caused by its illegal issuance. Additionally, defendants Save-Time Partnership and Save-Time, Inc. filed a petition for a preliminary injunction enjoining Huber from delivering products to the three stores or from entering upon the property, and further ordering Huber to remove all signs or other equipment installed by Huber on the properties.
The rules to dissolve Huber's temporary restraining order were heard on the pleadings, affidavits and arguments of counsel, and the court dissolved the temporary restraining order for lack of a proper bond, reserving to the defendants the right in further proceedings to seek damages for the wrongful issuance of the order.
A hearing was held on Huber's rule for a preliminary injunction, the rule by Save-Time Partnership and Save-Time, Inc. for a preliminary injunction against Huber, and exceptions of no right or cause of action filed by Vincent Oil Company. The court granted to Huber a preliminary injunction against all defendants to the same effect as the temporary restraining order described above. The court denied the preliminary injunction against Huber sought by Save-Time Partnership and Save-Time, Inc., and overruled the exception of no right or cause of action filed by Vincent Oil Company. From that judgment, Save-Time Partnership, Save-Time, Inc. and Vincent Oil Company have appealed. We reverse.
*599 The substantial issues are: (1) Is Huber entitled to a preliminary injunction against the defendants? (2) Are Save-Time Partnership and Save-Time, Inc. entitled to a preliminary injunction against Huber? (3) Has Huber alleged a cause of action against Vincent?

THE FACTS
The facts are as follows: On February 3, 1981 Huber entered into an agreement with Terry Wall, d/b/a Wall's Pak-A-Bag, Inc. in which Huber agreed to supply gasoline for ten years to a convenience store owned by Wall and located at Highway 14 and Western Street. On February 3, 1981, the same parties entered into an identical contract in which Huber agreed to supply gasoline for five years to another convenience store location, of which Wall was lessee and operator, located at Highway 14 and Smith Road. A third contract was entered into on September 10, 1981 with Howard to supply gasoline to a store owned by Howard and located at Claude Hebert Road, Lake Charles, Louisiana for a period of 15 years.
These contracts simply state that supplier agrees to furnish and maintain all equipment necessary for the sale of gasoline and will supply gasoline for the stated period of time. There is no mention in the contracts as to the price at which the gasoline will be supplied or that Huber Oil would be the exclusive supplier. All three contracts were recorded in the conveyance records of Calcasieu Parish, Louisiana prior to February, 1982.
On December 16, 1981, a partnership known as Save-Time Partnership came into existence. This partnership is composed of two other legal entities and Terry Wall. The partnership bought the property owned by Mr. Wall on Western Street and the store owned by Howard. Additionally, as to the store leased by Wall, he assigned the lease to the partnership.
At the time of the transfer of the properties and the lease to Save-Time Partnership, Huber had certain tanks, signs, insignia and other equipment installed on the properties. On the date before the transfer of the properties to the partnership, Vincent Oil Company wrote at the request of the partnership to Huber Oil Company to inquire what arrangements could be made for the sale and transfer of Huber's equipment at the three sites.
Huber then instituted this suit for injunctive relief and obtained the temporary restraining order above described. On the trial of the rule for preliminary injunction, the trial court found that the written agreements between Huber, Walls and Howard were "valid contracts in full force and effect on the day of the sale of the immovable property." The court found as a fact that the partnership and Save-Time, Inc. had actual knowledge of the written contracts and that by their purchase of the two convenience store sites and the lease of the third they have assumed the contracts between Huber and Wall and between Huber and Howard.

IS HUBER ENTITLED TO PRELIMINARY INJUNCTION?
LSA-C.C.P. article 3601 states:
"Art. 3601. Injunction, grounds for issuance, preliminary injunction; temporary restraining order
"An injunction shall issue in cases where irreparable injury, loss, or damage may otherwise result to the applicant, or in other cases specifically provided by law;
* * * * * *
"During the pendency of an action for an injunction the court may issue a temporary restraining order, a preliminary injunction, or both, except in cases where prohibited, in accordance with the provisions of this Chapter."
In order to avail oneself of the remedy provided by this article, one must be without an adequate remedy at law. The plaintiff must show that irreparable injury, loss or damage will ensue if an injunction is not granted. Therefore, the party seeking an injunction under LSA-C.C.P. article 3601 must show that the loss alleged cannot be adequately compensated in money, or that it is a loss for which damages are not *600 susceptible of being measured by pecuniary standards. LeBlanc v. Lyons, 401 So.2d 626 (La.App. 3rd Cir.1981).
The jurisprudence has recognized that the sole purpose of a preliminary injunction is to preserve the status quo pending a full trial on the merits. A preliminary injunction may be granted only upon a prima facie showing that the plaintiff is entitled to such judgment, i.e., that irreparable injury will result at the hands of the defendants if the plaintiff's prayer is denied. See Southwest Sales & Manufacturing Company, Inc. v. Delta Express, Inc., 342 So.2d 281 (La.App. 3rd Cir.1977), writ refused 345 So.2d 48 (La.1977).
The plaintiff relies upon the following cases in which preliminary injunctions were granted. Daigre Engineers, Inc. v. City of Winnfield, 385 So.2d 866 (La.App. 2d Cir. 1980) was concerned with plaintiff's loss of the right of arbitration as specified in the engineering contract between the parties. Haughton Elevator Division v. State of Louisiana, 367 So.2d 1161 (La.1979) dealt with a disqualified bidder's right to a fair hearing in connection with the Public Contract law requiring the letting of public contracts to the lowest qualified bidder. Town of Kinder v. Beauregard Electric Coop. Inc., 339 So.2d 891 (La.App. 3rd Cir. 1976) involved the protection of the franchise rights granted to a public utility by a municipality. These cases all concern rights which were adjudged to be insusceptible of monetary valuation.
In the instant case, we discern no such harm to the plaintiff as a result of the defendants' conduct which could not be compensated in money damages. This is basically an action to enforce alleged sales contracts, and we see no reason why any damages resulting from the breach of the contracts, if there are such binding on the defendants, cannot be measured according to a pecuniary standard. The loss of business or sales, goodwill and retail outlet sites can be calculated in monetary terms in a suit for such damages.
Moreover, a party is only entitled to injunctive relief if the facts supporting the request for preliminary injunction present a prima facie case justifying its issuance. Schwegmann Brothers Giant Supermarkets v. Louisiana Milk Commission, 290 So.2d 312 (S.Ct.1974). The plaintiff has failed in this burden.
While we recognize that a suit for preliminary injunction is not controlling on the merits of the principal demand, Smith v. West Virginia Oil & Gas Company, 373 So.2d 488 (La.1979), the plaintiff has shown no contractual rights against these defendants. Its contract is with the individuals who owned or leased the convenience stores prior to their acquisition by the defendant, Save-Time Partnership.
The plaintiff argues that the effect of the preliminary injunction is merely to preserve the status quo by enforcing its contracts. However, inasmuch as there is no contract between Huber and Save-Time, the trial court's injunction has the effect here of ordering Save-Time to honor a contract to which it is not a party.
Nor does the plaintiff have a cause of action based on any real right in the land on which Huber's equipment is located. LSA-C.C. article 2012 states the methods by which real obligations can be created:
"Art. 2012. Methods of creating real obligations. Real obligations may be created in three ways:
1. By the alienation of immovable property, subject to a real condition, either expressed or implied by law.
2. By alienating to one person the immovable property, and to another, some real right to be exercised upon it.
3. By the creation of a right of mortgage upon the immovable property.
All these contracts give rise to obligations purely real on the part of those who acquire the land, under whatever species of title they possess it; they are not personally liable, but the real property is, and, by abandoning it to the obligee, they relieve themselves from all responsibility.

*601 A sale subject to a rent charge, or to a right of redemption as consideration * of the sale, are examples of the first kind of obligations; servitudes, the right of use and habitation and usufruct, are examples of the second; and the several kinds of mortgages, and the creation of a rent charge, of the third."
In the case at bar, the contracts simply state that Huber will supply gasoline to the three convenience stores. The contracts also state that Huber will provide all equipment necessary for the sale of this gasoline. These gas sale contracts provide only personal rights existing between the parties thereto. They do not convey to the plaintiff any rights in or to the land on which the convenience stores are located which are effective against third party purchasers or lessees of the land. See Hawthorne Oil & Gas Company v. Continental Oil, 377 So.2d 285 (La.1979).
Defendants-appellants, Save-Time, Inc. and Save-Time Partnership, contend that the contract between the former operators of the convenience stores and Huber are not binding in that they lack the necessary elements of a contract such as mutuality of consideration. We find that the issue of the validity of these contracts between Huber, Wall and Howard is not before us at this time.

IS SAVE-TIME ENTITLED TO PRELIMINARY INJUNCTION?
The next issue is whether Save-Time, Inc. and Save-Time Partnership are entitled to injunctive relief against Huber. During the pendency of these proceedings, Huber Oil Company has sought to deliver and has been delivering its gasoline to the three convenience stores. These actions disturb the possession of these defendants, hindering the stores from proper operation. We find that this issue is controlled by LSA-C. C.P. article 3663, which provides in pertinent part:
"Injunctive relief, under the applicatiable provisions of Chapter 2 of Title I of Book VII, to protect or restore possession of immovable property or of a real right therein is available to:
* * * * * *
"(2) A person who is disturbed in the possession which he and his ancestors in title have had for more than a year of immovable property or of a real right therein of which he claims the ownership, the possession, or the enjoyment."
Save-Time Partnership and its ancestors in title to the stores it owns have been in uninterrupted possession for more than a year, and are therefore entitled to injunctive relief under paragraph 2 of this article. As to the store of which Save-Time Partnership is lessee, it also has a right to injunctive relief under LSA-C.C.P. article 3663(2) to protect its possession. Indian Bayou Hunting Club, Inc. v. Taylor, 261 So.2d 669 (La.App. 3rd Cir.1972). An injunction should issue enjoining Huber from the delivery of products to the sites in question under the contracts, and also ordering Huber to remove all signs, insignia and/or other equipment installed by Huber on the properties under the contracts in question.

VINCENT'S EXCEPTION OF NO CAUSE OF ACTION
Plaintiff's petition alleges:

"13.
"By letter dated February 25, 1982, the defendant, VINCENT OIL CORPORATION, informed the petitioner that it would be making future deliveries of gasoline products to the facilities described above and that it would replace the petitioner's dispensers at the LeBleu Settlement facility (formerly Howard's Grocery) and requested an invoice for the current market value of the petitioner's other equipment at all the facilities described above."
The preliminary injunction granted by the trial court restrains Vincent from "in any way interfering with the contractual relationship between Huber and Save-Time Partnership and Save-Time, Inc. for the contracts involving the Smith Road store, Western Street store and Claude Hebert store sites."
*602 In support of its exception of no cause of action, Vincent argues Louisiana law does not recognize a cause of action for inducement to breach a civil contract to which defendant is not a party. See Kline v. Eubanks, 109 La. 241, 33 So. 211 (1902); Hartman v. Greene, 193 La. 234, 190 So. 390 (1939); and Moss v. Gaurisco, 409 So.2d 323 (La.App. 1st Cir.1981).
Since Louisiana law does not recognize a cause of action against a third party who allegedly induces a breach of a civil contract, Huber has not alleged a cause of action against Vincent. The exception of no cause of action should be sustained.

DECREE
For the reasons assigned, the judgment appealed is reversed and set aside. It is now ordered, adjudged and decreed that there be judgment herein in favor of the defendants-appellants and against the plaintiff rejecting the plaintiff's demand for a preliminary writ of injunction. It is further ordered, adjudged and decreed that there be judgment herein in favor of Save-Time Partnership and Save-Time, Inc. granting to them a preliminary injunction restraining and enjoining Huber Oil Company of Louisiana, Inc. from delivering under the contracts in question any of Huber's products to the convenience stores located at Highway 14 and Western Street, Highway 14 and Smith Road, and Claude Hebert Road near LeBleu Settlement, all in Calcasieu Parish, Louisiana, and further ordering Huber to remove from said properties all of its signs, insignia or other equipment installed by Huber on said properties under the contracts in question. It is further ordered, adjudged and decreed that there be judgment herein in favor of the defendant, Vincent Oil Company, and against the plaintiff, Huber Oil Company of Louisiana, Inc., sustaining Vincent's exception of no cause of action and dismissing Huber's suit against Vincent. All costs of the lower court as well as the costs of this appeal are assessed against the plaintiff.
REVERSED AND RENDERED.